St. Louis Southwestern Railway Company of Texas v. E. E. Casseday.

No. 775. Decided March 13, 1899.

**1. Charge—Applying Law to Facts—Contributory Negligence.**

See charge which should have been given as requested, applying law of contributory negligence in going unnecessarily into a place of danger to case of one injured by being struck by a freight train upon another track while boarding a passenger car. (Pp. 526, 527.)

**2. Same.**

See charge presenting the law of contributory negligence in such case held to only define such negligence and instruct the jury that it would preclude a recovery, and to constitute no application of the law to the facts sufficient to justify the refusal of a charge so doing. (Pp. 527, 528.)

**3.  Charge—Assuming Facts.**

A fact is not assumed by a charge if it is left to the jury to be found or believed from the evidence.  An instruction to find in a certain way "if you believe that plaintiff crossed," etc., or "if you believe that plaintiff went into a place of danger," etc., does not assume that plaintiff did so.  (P. 527.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Hill County.

Casseday sued the railway company, by next friend, to recover for personal injuries, and had judgment from which defendant appealed. On affirmance the railroad company obtained writ of error.

*Clark & Bolinger*, for plaintiff in error.

*Smith & Wear*, for appellee.

DENMAN, Associate Justice.—E. E. Casseday, by next friend, sued the St. Louis Southwestern Railway Company of Texas to recover damages inflicted upon him by the company, which ran one of its freight trains against and knocked him down, injuring his arm, while he was attempting to board one of its passenger trains standing on an adjacent track at Hubbard City, Hill County, Texas.  The company answered, (1) general denial and (2) contributory negligence on the part of plaintiff.  From a verdict and judgment in favor of plaintiff, the company appealed to the Court of Civil Appeals, which court having affirmed the judgment of the court below, the company has brought the cause to this court upon writ of error, assigning among other things that the Court of Civil Appeals erred in holding that the trial court did not err in refusing to give a special charge requested by defendant, as follows: "The jury is charged, that if you believe from the testimony that plaintiff, Eddy E. Casseday, crossed over to the southeast side of defendant's track and train in Hubbard City, at the time he was injured, in full view of defendant's running trains on the switches and side tracks at Hubbard City, and if you believe that plaintiff voluntarily went across said track into a place of danger, knowing that the place he went was not a place where defendant usually received and discharged passengers in Hubbard City, and knowing that the usual place for receiving passengers by defendant was safe, and if plaintiff after crossing said main track failed to see or hear the movement of said cars in time to avoid injury, and if you further believe that such conduct on the part of plaintiff was negligent on his part, and that it was not such care and prudence as would have been exercised by a person of ordinary prudence and care under the circumstances, and if you believe also that such negligence of plaintiff contributed to his injury, then plaintiff is not entitled to recover in any sum, and you will find a verdict for defendant, even though you should find that defendant was also negligent."

We are of opinion that this special charge applied the law to the very

facts of the case, and that it was error to refuse it, for which the judgment must be reversed and the cause remanded. Railway v. McGlamory, 89 Texas, 639; Railway v. Shieder, 88 Texas, 152.

We deem it proper to notice each of the three grounds upon which the Court of Civil Appeals justified the refusal of the trial court to give the charge. The first ground was that "there was no evidence to sustain some of the facts in the group" set out in the charge. Neither the court nor counsel for appellee point out which fact or facts in the group are without support in the evidence, and from a careful examination of the statement of facts we are of opinion that there was evidence as to each sufficient to take it to the jury. In fact we do not understand from the briefs that counsel for appellee contend that any fact mentioned in the charge is wholly without evidence to support it. The second ground was that said charge "assumed some facts which were matters in controversy, notably that plaintiff crossed over to the south side of the main track 'in full view of defendant's running trains on the switches and sidetracks' and that he 'went into a place of danger.'" Whether this objection that the charge "assumes" said facts is well taken must of course be determined solely from its language. We are clearly of opinion that it is not. A fact is not assumed by a charge if it is left to the jury to be found or believed from the evidence. This charge does not intimate to the jury what the facts are, but in plain language tells them "that if you believe   *   *   *   plaintiff   *   *   *   crossed   *   *   *   in full view of defendant's running trains on the switches and sidetracks," and that "if you believe that plaintiff   *   *   *   went   *   *   *   into a place of danger." Certainly in both instances the jury were required by the charge to determine for themselves the facts from the evidence. The third objection was that the court's charge was sufficient under the facts "to fully and plainly instruct the jury as to the law arising thereon and their duty in the premises." The charge of the court upon contributory negligence is as follows:

"It is the duty of every person to use such care and caution as a person of ordinary prudence and caution would commonly exercise under like circumstances to avoid injury to himself, and the degree of care required is always proportionate to the degree of danger indicated by the facts and circumstances of the case or that which might reasonably have been foreseen by a person of ordinary prudence; and a failure to exercise such care is negligence.

"By contributory negligence is meant some negligent act or commission on the part of the plaintiff, which, concurring or co-operating with some negligent act or commission on the part of the defendant, is the proximate cause of the injuries complained of by plaintiff.   *   *   *

"If you believe from the evidence that plaintiff himself was guilty of contributory negligence proximately contributing to his injuries, as contributory negligence has been heretofore explained and defined, you will find for the defendant, even though you should believe that the

negligence of the defendant, its servants, or employes, contributed to cause plaintiff's injuries.	*	*	*

"In determining	*	*	*	as to whether or not plaintiff was guilty of negligence in being upon or near defendant's track or in his conduct while upon or near defendant's track, you should consider all the facts and circumstances in evidence which tend to throw light upon this question."

We do not consider that this charge does any more than to define contributory negligence and inform the jury that if plaintiff was guilty of such negligence he could not recover, and that in determining whether he was so guilty, they should look to all the circumstances in evidence. It does not undertake to apply the law to the very facts of the case, as we have held a party is entitled to have done if he requests a proper charge. Cases above cited.

*Reversed and remanded.*