TEXAS MIDLAND R. R. v. MONROE.

(Court of Civil Appeals of Texas. Dallas. March 29, 1913. Rehearing Denied April 19, 1913.)

1. NEGLIGENCE (§ 65*)—"CONTRIBUTORY NEGLIGENCE"—WHAT IS.

"Contributory negligence" is such an act or omission on the part of the person injured amounting to an ordinary want of care as, concurring or co-operating ·with the negligent act of the wrongdoer, is the proximate cause or occasion of the injury complained of.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 83, 94·; Dec. Dig. § 65.*

For other definitions, see Words and Phrases, vol. 2, pp. 1540–1547; vol. 8, p. 7617.]

2. CARRIERS (§ 337*)—PASSENGERS—INJURIES TO PASSENGERS — CONTRIBUTORY NEGLIGENCE.

A passenger, who asked the· conductor for permission to see the latter's automatic pistol, and who took the pistol, which was subsequently returned to the conductor, is not guilty of negligence per se, and his act does not preclude a

recovery for injuries sustained in consequence of the conductor causing the pistol to be discharged.

[Ed. Note.—For other cases, see **Carriers**, Cent. Dig. § 1387; Dec. Dig. § 337.*]

3. CARRIERS (§ 346*)—PASSENGERS—INJURIES TO PASSENGERS — CONTRIBUTORY NEGLIGENCE.

A passenger asked a conductor for permission to see his automatic pistol. The conductor handed the pistol to the passenger, and the conductor on receiving it again demonstrated the safety attachment, and while so doing he pulled the trigger, causing the pistol to discharge, injuring the passenger. The conductor pulled the trigger under the misapprehension that he had removed the cartridges. *Held*, that the passenger was not guilty of contributory negligence, but that the accident was the result of the conductor's negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1401; Dec. Dig. § 346.*]

4. CARRIERS (§ 337*) — INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK.

A passenger, who subjects himself to a known danger arising from the negligence of the conductor, or one reasonably to be expected, is guilty of contributory negligence, and he does not assume the risk incident thereto.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1387; Dec. Dig. § 337.*]

5. CARRIERS (§ 323*) — INJURIES TO PASSENGERS—ASSUMPTION OF RISK.

The rule of assumed risk does not apply between carrier and passenger unless it be the risks of accidents not arising from the negligence of the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1346; Dec. Dig. § 323.*]

6. CARRIERS (§ 283*)—INJURIES TO THIRD PERSONS—LIABILITY OF MASTER.

A conductor, who, in anticipation of trouble with passengers who had in the past insisted on riding without paying their fare, armed himself with a pistol with a view of enforcing the rules of the carrier, acted within the scope of his employment, and he was chargeable, in the exercise of a high degree of care, with the duty of protecting the passengers from all danger that might reasonably result from his use or handling of the pistol, and where he was negligent in handling the pistol, resulting in injury to a passenger, the carrier was liable, though the passenger requested the conductor to exhibit the pistol for inspection.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1119–1124, 1140, 1141; Dec. Dig. § 283.*]

Appeal from District Court, Hunt County; R. L. Porter, Judge.

Action by J. H. Monroe against the Texas Midland Railroad. From a judgment for plaintiff, defendant appeals. Affirmed.

Henry C. Coke, of Dallas, Dashiell, Crumbaugh & Coon, of Terrell, and S. W. Marshall, of Dallas, for appellant. Looney, Clark & Leddy, of Greenville, for appellee.

RASBURY, J. Appellee sued appellant for damages for personal injuries alleged to have been received on the cars of appellant at the hands of appellant's conductor while the conductor was exhibiting his pistol to appellee and another passenger, and which he negligently discharged, thereby wounding appellee in the leg and causing him the injury and suffering claimed in his pleading. The appellant pleaded that if appellee was injured he contributed thereto for the reason that said pistol when discharged was being exhibited to appellee upon his specific request that the conductor demonstrate its mechanism; and further that the appellee assumed the risks incident to such demonstration. By supplemental petition appellant alleged that if he did request appellee to demonstrate the mechanism of the pistol, which was denied, he nevertheless was unaware that the pistol was loaded, while the conductor by the exercise of reasonable care could have ascertained such fact, and that his failure to do so and the pointing of this pistol toward appellee was negligence. The case was tried by jury, and verdict was for appellee for $3,000, followed by judgment of the court accordingly, from which the appeal is taken.

The material facts upon which the suit is based disclose that appellee is a traveling salesman and at the time of his injury was a passenger upon appellant's cars en route from Greenville to Cooper; that when appellee boarded the cars at Greenville, Ed Riley, of that place, also became a passenger; that appellee and Riley desired to discuss some business matters and one or the other asked permission of the conductor on the train to enter the rear coach of the train which was locked and contained no passengers, which was granted and the coach door unlocked by the conductor; that some time after appellee and Riley entered the coach the conductor also entered, and whereupon appellee either inquired of the conductor concerning an automatic pistol which appellee knew the conductor owned, or the conductor inquired of appellee if he had bought for his own use a similar one (appellee testifying that the conductor introduced the subject of the pistol, while the conductor and Riley testified that appellee did so); that the conductor, who was armed with the pistol in anticipation of trouble with passengers who had refused to pay fare, informed appellee he did have the pistol; that either appellee or Riley requested permission to see it, and whereupon the conductor, who at this point was on his knees in the seat immediately in front of Riley and appellee, took the pistol from his pocket and handed it to appellee, so the conductor and Riley testify, but which is disputed by appellee, who testified that he handed it to Riley; that the conductor either before handing the pistol to appellee or Riley, or after receiving same back from them, thought he had removed the clip containing the cartridges or had attempted to do so; that after the examination by appellee and Riley, the conductor, according to appellee's testimony, volunteered to demonstrate how the safety on the pistol,

which was an "automatic," operated, while, according to the conductor and Riley, appellee inquired of the conductor how the "safety worked," and whereupon the conductor, according to Riley, and which the conductor does not dispute, with the pistol in his hand, said, "When the safety is in this position you can't fire it," and pulled the trigger to show it would not snap, and then remarked, "When it (the safety) is not in position— " but before finishing the sentence the pistol exploded and injured appellee. Appellee's version of the accident is that the conductor merely remarked, "Here is the way she works," and then the explosion resulted, while the conductor's theory is that, while his finger was on the button which "worked" the safety, his hand slipped, and he accidentally pulled the trigger. It is conceded by all the witnesses that the most that was requested or volunteered was a demonstration of the safety, and that the operation or demonstration of the safety is wholly disconnected with the trigger of the pistol, and that the mechanism which works the safety does not and cannot fire the pistol.

[1-3] The first assignment of error asserts that the court erred in refusing to submit to the jury that if appellee requested the conductor to demonstrate the operation of the safety upon the pistol and appellee was injured while such demonstration was in progress, such request would constitute contributory negligence and bar a recovery by appellee. The court below did decline to submit to the jury the issue of contributory negligence. "Contributory negligence in its legal significance is such an act or omission on the part of plaintiff, amounting to an ordinary want of care, as, concurring or co-operating with the negligent act of the defendant, is the proximate cause or occasion of the injury complained of." 29 Cyc. 505. Again, "by contributory negligence is meant some negligent act or commission on the part of the plaintiff, which, concurring or co-operating with some negligent act or commission on the part of the defendant, is the proximate cause of the injuries complained of by the plaintiff." Railway Co. v. Casseday, 92 Tex. 525, 50 S. W. 125; Martin, Wise & Fitzhugh v. Railway Co., 87 Tex. 117, 26 S. W. 1052; Railway Co. v. Anchonda, 33 Tex. Civ. App. 25, 75 S. W. 557. Under the rule quoted and supported by the cases cited, and the refusal of the court below to charge on contributory negligence, our duty narrows to ascertaining whether the testimony discloses any facts or circumstances from which the jury could have found that the alleged negligence of appellee did contribute to his injury. We think there was no negligence on the part of appellee in asking to be shown the pistol. The taking in hands of a pistol cannot be said to be ipso facto negligence. The daily use of dangerous agencies, such as electricity, is attended with danger, and when properly installed it cannot reasonably be said that its use is negligence per se. The accident complained of here illustrates what we are trying to say when it is considered that the pistol, loaded as it must have been, passed through the hands of both appellee and the witness Riley without resultant trouble back into the possession of the conductor. This we think disproves the claim that it was negligence to ask the conductor to merely exhibit the pistol, since, if this had ended the matter, no injury would have resulted. Then did the request of appellee, as testified to by the conductor, to show him how the safety worked, constitute negligence on the part of appellee? We take the view of the trial court that it did not. The safety, as we gather from the testimony, has nothing whatever to do with the process of firing the pistol, but, on the contrary, is an attachment to prevent it. Appellant's conductor in his testimony makes clear the fact that demonstrating the safety attachment is not an act of negligence when he states that the pistol could not be fired when the safety was up, and says that, presuming the pistol was not loaded, he pulled the safety down, remarking, "All you got to do in order to cut down is to pull the trigger," which he did, and whereupon the gun exploded. It is clear that the conductor intended to pull the trigger when he did; in fact, he frankly says as much, but did so under the misapprehension that he had removed the cartridges from the cylinder or clip. He also says he could have demonstrated the use of the safety without pulling the trigger, meaning, we presume, by moving it "up" and "down," to use his expression; but, evidently intending to demonstrate how the firing mechanism also worked, he pulled the safety down while the pistol was cocked and remarked that all that was necessary to do in order to "cut down," meaning, we presume, to shoot, was to pull the trigger, which he did. Hence the negligence, as we see it, was the pulling of the trigger when the pistol was loaded, and not the operation of the safety as requested by appellee. That the operation of the safety in no sense contributed to the negligence of the conductor in pulling the trigger is, we think, clear. If the conductor had pointed the pistol in appellee's direction, knowing it to be loaded, and fired, it would not be contended that appellee in any sense contributed to his injury by the request that he demonstrate the working of the safety. The only difference in the situation we have described and the one disclosed by the evidence in the instant case is that here the conductor thought he had removed the cartridges from the cylinder of the pistol, but had negligently failed to do so. While it was an unfortunate accident and wholly unintended by the conductor, nevertheless it cannot be said that what he did was due to any negligence of the ap-

pellee. It follows that we are of opinion that the assignment should be overruled.

[4] The second assignment of error advances the proposition that the court erred in refusing to submit to the jury the issue that appellee assumed the risk of being shot when he requested the conductor to operate the safety for his instruction. In reference to this assignment it is sufficient to say that if the appellee subjected himself to a known danger arising from the negligence of appellant's conductor, or one reasonably to be expected, when he requested the conductor to operate the safety upon the pistol, it would be contributory negligence rather than an assumption of the risk incident thereto. Railway Co. v. Patillo, 45 Tex. Civ. App. 572, 101 S. W. 492.

[5] Further, it may be safely said that the rule of assumed risk has no application between carrier and passenger unless it be "the risks of all accidents not arising from any negligence of the defendant." Herring v. Railway Co., 108 S. W. 977. Hence, in our opinion, and in consonance with what we have said in reference to appellant's first assignment of error, the evidence did not authorize the submission of the issue of assumed risk.

[6] The third assignment of error asserts that the court below erred in refusing to charge the jury that, when the conductor was demonstrating the safety attachment of the pistol at the request of the appellee, he was acting without the scope of his employment, and that as a consequence the appellant was not liable for the resultant accident and injury to appellee.

It is settled law in this state that carriers of passengers are not responsible for wrongs done to passengers by servants acting in their own interest and not in that of the employer. Railway Co. v. Bush, 133 S. W. 245, 32 L. R. A. (N. S.) 1201. It is equally well settled that it is also the duty of the carrier to protect its passengers, in so far as it may be done by the exercise of a high degree of care, from the violence and insults of its servants, other passengers, and strangers. Railway Co. v. Luther, 40 Tex. Civ. App. 517, 90 S. W. 44. The facts in the instant case, however, are dissimilar to any we have been able to find in any case from our own courts. The accidental shooting of appellee was not an assault or violence in the sense that those terms are ordinarily used in the adjudicated cases. It does appear, however, that the conductor, in anticipation of trouble with passengers who had in the past insisted upon riding in appellant's cars without paying the fare therefor, armed himself with a pistol, and that when he did so it was to enforce the rules and regulations of appellant, and that he was to that extent acting within the scope of his employment. We also think that when he thus

armed himself he was charged in the exercise of a high degree of care with the duty of protecting his employer's passengers from all danger that might reasonably result from his use or handling of the pistol in the same manner that he is required to protect them in all other respects. The evidence sustains the charge of negligence in the handling of the pistol, and, since the conductor was armed with the pistol in order to protect himself in the discharge of the duties of his employment, it results as a corollary that such negligence shall be attributed to his employer, unless, as appellant sought to have the court below instruct the jury, the shooting was an accident not arising from any negligence of the appellant and the risk of which appellee assumed. As stated at another place in this opinion, the testimony was not of such character as, in our opinion, to bring the acts of the conductor within the rule stated. For the reasons stated above, the third assignment will also be overruled.

The judgment of the court below is affirmed.