### INTERNATIONAL & G. N. RY. CO. v. KRUGER.

(Court of Civil Appeals of Texas. Dallas. Jan. 31, 1914. Rehearing Denied Feb. 21, 1914.)

1. TRIAL (§ 191*) — INSTRUCTIONS—ASSUMING FACTS.

It is reversible error for the trial judge in his charge to assume the existence of any material disputed fact, since to do so is an invasion of the province of the jury.

[Ed. Note.—For other cases, see Trial, Cent. §§ 420–431, 435; Dec. Dig. § 191.*]

2. TRIAL (§ 191*) — INSTRUCTIONS — ASSUMPTION OF FACTS.

In an action against a railroad company for injuries to plaintiff's wife while boarding a train, a charge that, if the defendant negligently caused the train to move with a jerk while plaintiff's wife was attempting to climb upon the car steps, to find for plaintiff, was not on the weight of the evidence in assuming that the train moved suddenly.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

3. APPEAL AND ERROR (§ 216*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Where no correct charge was requested, the giving of a confusing charge is not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 629.]

4. CARRIERS (§ 321*)—CARRIAGE OF PASSENGERS—ACTIONS—INSTRUCTIONS.

In an action for damages for injuries to plaintiff's wife, who was thrown down by a lurch while attempting to board defendant's train, a charge that unless plaintiff's wife had

---

a ticket, and unless she was attempting to board the car at the time of the accident, to find for defendant does not require the jury to find that plaintiff's wife had no ticket, and was not boarding the car at the time of the accident, before finding for defendant.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by John Kruger against the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Morrow & Morrow, of Hillsboro, and Neff & Taylor, of Waco, for appellant. Wear & Frazier, of Hillsboro, for appellee.

RASBURY, J. Appellee sued appellant for damages for personal injuries alleged to have been inflicted upon his wife while she was boarding appellant's train and while in the passageway of one of appellant's cars making her way to a seat, the ground of negligence being that while proceeding, as detailed, the train was carelessly and negligently moved with a sudden jerk or lurch, throwing his said wife in the first instance against the iron bars of the car steps, and in the second instance against the walls of the passageway, seriously and permanently injuring her. Appellant met the allegations of negligence by the general denial and plea of contributory negligence. Upon trial there was verdict for appellee for $1,375, followed by judgment, from which this appeal is taken. The recital of the facts constituting the ground of negligence is a sufficient statement of facts for intelligent disposition of the issues involved in the appeal.

[1] The first error assigned complains of the manner of submitting the alleged ground of negligence, the criticism being that the charge assumed that the train moved suddenly on both occasions as alleged, and assumes that Mrs. Kruger was thrown against the iron bars and the walls of the car as alleged. It is, of course, well settled that it is reversible error for the trial judge in his charge to assume the existence of any material disputed fact, since to do so is an invasion of the province of the jury, to whom the parties have submitted the solution of all conflicts in the testimony.

[2] Hence, under the rule, our duty narrows to an analysis of the charge in order to determine the applicability of the criticism. Omitting the formalities in the charge, the court, in substance, instructed the jury, "Now, if you believe from a preponderance of the evidence that while Magdalene Kruger was attempting to climb upon said [car] steps the defendant negligently and carelessly caused said train to move suddenly with a jerk or lurch," etc., to find for appellee. We are unable to see how it can intelligently be said that the charge quoted assumed that

the car moved suddenly, as maintained by the proposition in the brief. The most that can be said by way of criticism is that the court might have told the jury, if they believed the car moved suddenly with a lurch or jerk, and such sudden movement was negligence, to find for appellee, etc. Such a method might have been preferable, but at the same time we are not prepared to say that it is not just as clear to say that "the defendant negligently and carelessly caused the train to move suddenly with a jerk or lurch," since to find that the car was negligently and carelessly moved suddenly involves a finding that it was in fact moved. In like manner do we believe that the criticism which asserts that the charge assumed that Mrs. Kruger was in fact thrown against the wall is without force. Condensed, that portion of the charge is: "Now, if you believe from a preponderance of the testimony that after said Magdalene Kruger had gotten aboard said train and had started in the coach the defendant carelessly and negligently caused said train to move or carelessly and negligently caused said train to lurch or jerk and throw said Magdalene Kruger against the side of the car, then you will find for plaintiff," etc. Aside from what we have just said we are of opinion that the charge does not assume the existence of any material fact, but, on the contrary, submits to, and requires, the jury to find that the car moved suddenly, that such movement was negligence, and that Mrs. Kruger was, as a result of the movement and negligence, thrown against the wall of the car, before they are permitted to find a verdict for appellee. All the facts submitted by the charge were to be found by the jury if from a preponderance of the testimony they believed them to be true. Any fact to be believed and ascertained by the jury is not, of course, assumed to be true. Railway Co. v. Casseday, 92 Tex. 527, 50 S. W. 125; H. & T. C. Ry. Co. v. Oram, 92 S. W. 1029.

[3, 4] The next complaint is directed to the manner of presenting to the jury the converse of the negligence alleged in the petition; the exact point being that the court's charge is confusing. The court, in presenting appellee's side of the case, recited the facts relied upon by appellee as constituting negligence, and told the jury, if they believed same to be true, to find for appellee. The court then undertook to present for appellant affirmatively the negative of the issues raised by appellee's testimony, instructing them that "unless you believe from a preponderance of the evidence," etc., reciting again the identical facts presented on behalf of appellee, to find for appellant. If it can be said that the charge is confusing because it does not intelligently and understandingly present affirmatively the negative of the issue raised by appellee's evidence, yet it is not reversible error, since the record fails to

disclose that appellant sought to have a correct charge submitted to the jury. However, while the proposition does not urge the point, it is argued, and perhaps most strongly relied upon as error, that the charge under discussion is confusing for the reason that it required the jury to find that Mrs. Kruger did not have a ticket, and was not boarding the car at the time of the accident, both undisputed and admitted facts, before finding for appellant. While we think any error in the charge was waived for the reasons stated, at the same time we do not believe the construction contended for can be placed upon the charge, but just the reverse. The charge tells the jury that unless Mrs. Kruger had a ticket, and unless she was attempting to board the car at the time of the accident, etc., to find for appellant. Thus it will be seen that, instead of the jury being directed to find against an undisputed fact in order to find for appellant, as argued, they were compelled to find twice an undisputed fact before they could find for appellee, which is obviously favorable to appellant.

The next error assigned is that the court erred in refusing appellant's requested instruction peremptorily directing a verdict for appellant on the ground that the testimony failed to show that the movement of the train was unusual or careless. The proposition, in effect, is that a train motion usual and necessary is not negligence. The usual and necessary movement of a train might or might not, depending upon the facts and circumstances, be negligence, and negligence, when raised by the testimony, is of course a fact for solution by the jury. We have examined the evidence in the record, and, without setting it out or analyzing same, conclude that the issue of negligence was fairly raised, and that we are without authority to disturb the verdict of the jury on the ground that it is not sustained by the evidence.

The judgment is affirmed.