EL PASO & S. W. RY. CO. et al. v. HAVENS.
(No. 1021.)

(Court of. Civil Appeals of Texas. El Paso.
Nov. 20, 1919. Rehearing Denied
Dec. 11, 1919.)

1. APPEAL AND ERROR ⟺1043(7)—HARMLESS
ERROR IN DENIAL OF CONTINUANCE.

Where defendant railroad company request-
ed a continuance on the ground that persons in
its service were necessary witnesses, that it
would cripple the operation of the road to take
them from service, and that it was not practi-
cable to take their depositions, the denial of the
petition will not be reviewed where such wit-
nesses in fact were present and testified.

2. RAILROADS ⟺5½, New, vol. 6A Key-No.
Series—ABATEMENT OF ACTIONS BY FEDERAL
CONTROL.

Though the President, as a war measure,
pursuant to Act Cong. Aug. 29, 1916, § 1 (U.
S. Comp. St. § 1974a), assumed control of the
railroads, such control is no ground for the
abatement of suits on causes of action accruing
before governmental operation.

3. TRIAL ⟺191(10)—INSTRUCTIONS ASSUMING
FACTS.

A charge submitting issues of negligence
causing injury to servant which prefaced such
issues with the words "if you find," etc., did
not assume that defendant was guilty of the
negligence submitted.

4. APPEAL AND ERROR ⟺1066—SUBMISSION
OF ISSUES NOT RAISED BY EVIDENCE PREJU-
DICIAL ERROR.

It is error to submit an issue not made by
the evidence, unless it clearly appears the jury
were not misled.

5. MASTER AND SERVANT ⟺286(32)—CARE AS
TO CAR INSPECTOR QUESTION FOR JURY.

In an action for injuries to a car inspector
struck by a locomotive while he was looking
under a car, evidence *held* to warrant the sub-
mission of the issue as to whether the locomo-
tive was operated without proper lookouts.

6. EVIDENCE ⟺514(3)—EXPERT TESTIMONY
AS TO DISTANCE IN WHICH LOCOMOTIVE MAY
BE STOPPED.

There is no error in allowing witnesses of
experience to give their testimony as to the dis-
tance in which a locomotive may be stopped.

Appeal from District Court, El Paso Coun-
ty; Ballard Coldwell, Judge.

Action by A. S. Havens against the El
Paso & Southwestern Railway Company and
others. Judgment for plaintiff, and defend-
ants appeal. Affirmed.

W. M. Peticolas and Del W. Harrington,
both of El Paso, for appellants.

Jno. T. Hill, of El Paso, for appellee.

HARPER, C. J. This suit was filed Janu-
ary 8, 1918, to recover of appellants damages
for personal injuries occasioned by appellee

having been run over by appellants' switch
engine in its yards, at Dawson, N. M., Oc-
tober 16, 1917.

The grounds of negligence alleged by first
amended original petition filed October 3,
1918, are: First, failure to provide a safe
place to work; second, failure to keep a
lookout for plaintiff; third, failure to give
warning of the approaching engine and;
fourth, failure to use the means at hand to
prevent the alleged injuries after discover-
ing his perilous situation.

Defendants interposed plea to the jurisdic-
tion of the court, based upon General Order
No. 26 issued by the Director General of
Railroads, general denial, assumed risk, and
contributory negligence, in that plaintiff was
incapacitated from overindulgence in intox-
icating liquors.

Tried with a jury; a verdict and judgment
for plaintiff for $5,000, from which this ap-
peal.

[1, 2] The first, second, and third assign-
ments urge that it was error to overrule mo-
tion for continuance and plea in abatement,
thereby requiring defendants to go to trial
during federal control of railroads. Whilst
appellant urges error for failure to grant a
continuance for certain witnesses, employés
of the company present at the time of the
accident and still working for the railroad
company at the time of announcement for
trial, upon the ground that it would cripple
the operation of the road, etc., to take them
away from the service, and not practicable
to take their depositions, etc., we take it
that, since the named witnesses were present
and testified upon the trial, in fact, the only
question which can be urged with any de-
gree of consistency is the failure of the court
to sustain the plea in abatement, thereby con-
tinuing the case during the period of the
war, because the act of Congress (Aug. 29,
1916, c. 418, § 1, 39 Stat. 645 [U. S. Comp.
St. § 1974a]), operating through the Presi-
dent, by virtue of the orders issued by him
and under his authority by the Director Gen-
eral of Railroads, viz. General Orders Nos.
18 and 26, had the effect of depriving the
courts of Texas of jurisdiction to try causes
of action pending at the date of the issuance
of the orders during federal control, where
the cause of action arose in another state.

This court held to the contrary of this con-
tention in El Paso S. W. R. Co. v. Lovick,
reported in 210 S. W. 283, by holding that
the trial court did not err in refusing to sus-
tain a plea in abatement under similar facts
and conditions, and we see no reason to
change our views upon the question at this
time.

[3] It is next urged that the cause should
be reversed because the evidence is not suffi-
cient to support the verdict of the jury upon

any theory of negligence pleaded by appellee. As to this, we are of the opinion that the evidence is sufficient to sustain a verdict upon both of the theories pleaded and submitted by the court.

Among the charges submitted by the court is the following:

"Now, if you find from a preponderance of the evidence that on or about the time complained of by plaintiff he was in the act of inspecting a car or cars of defendant's railroad, or one of them, and that while so doing he was struck by an engine of one of the defendants, and you further find that the employés of the defendant whose engine struck plaintiff did not keep a lookout along the track on which such engine was moving, and you find that in failing to keep a lookout, if they did fail, the employés of defendant whose engine struck plaintiff were negligent, and that such negligence, if any, was a proximate cause of plaintiff's injury, you will find for the plaintiff, unles you find that plaintiff assumed the risk, as herein submitted to you in this main charge."

This was excepted to: First, because it is a charge upon the weight of the evidence; second, it assumes that there was evidence that no lookout was kept, while the uncontradicted evidence is to the effect that the employés operating the engine were keeping a proper lookout; and, third, that therefore the court submitted an issue not made by the evidence.

There are two issues involved in this case which are submitted by this charge; but the wording "if you find * * * and you further find" does not assume that plaintiff or defendant did so, but leaves it to the jury to be found or believed from the evidence before them. Railway Co. v. Casseday, 92 Tex. 525, 50 S. W. 125.

[4, 5] As to the third it would be error to submit an issue not made by the evidence unless it should clearly appear that the jury were not misled thereby. T. & P. Ry. Co. v. McCoy, 90 Tex. 264, 38 S. W. 36.

However, all have concluded that the record does not support the contention that there was no evidence that the employés operating the engine were not keeping a proper lookout.

Plaintiff's theory of the manner in which his accident occurred, as pleaded, is that he was engaged in the work of inspecting one of defendant's cars at the time, and was in a stooping position looking under a car, when,

without any warning, he was struck by defendant's switch engine, and his testimony supports the allegations. At least he testified that he did not hear the approaching engine until it was too late for him to get into a position of safety. Defendant's theory is that plaintiff was intoxicated and lying asleep near the track with his head against a pile of coal, and one leg out straight and the other crumpled up.

Defendant's switchman riding on the front of the car testified:

That, if plaintiff had been stooping down, he could have seen him sooner. "If any one had been squatting down behind one of the coal piles, that wouldn't obstruct any view, because the coal pile was not high enough. They are 16 or 18 inches high. I could have seen him 10 or 12 car lengths if he had been standing up, but I didn't see him because he was lying down."

And he further testified that he was keeping a constant lookout along the track.

The jury evidently accepted plaintiff's theory that he was standing up in a stooping position, and further that, if the employés on the engine had been keeping a proper lookout, he would have been seen, and, since they did not see him, circumstantially it is evidence that they were not keeping a proper lookout, and we think there are other circumstances which tend to support plaintiff's theory of the way the accident occurred, which we need not quote, but content ourselves with the holding that the evidence was sufficient to raise the issue and to require the court to submit it.

It follows that we do not think the record supports the seventh assignment to the effect that the undisputed evidence shows that plaintiff assumed the risks and dangers of his employment.

The other criticisms of the court's charge are not well taken. Nor did the court err in refusing special charge upon discovered peril because the issue was properly covered by the general charge.

[6] There was no error in admitting the testimony of witnesses of experience in the work, of their opinions as to the distance in which an engine might be stopped. San Antonio U. & G. Ry. Co. v. Galbreath, 185 S. W. 901.

Finding no error in the record, the cause is affirmed.