## TEXAS & P. RY. CO. v. WILEY.
### (No. 13–2587.)

(Commission of Appeals of Texas, Section A. Dec. 11, 1918.)

1. TRIAL ⊕⇒252(11) — INSTRUCTIONS — EVIDENCE.

In a servant's action for injuries sustained while attempting to board a switch engine, an instruction, if the engineer increased speed upon observance of semaphore and did not see plaintiff, to find for defendant, was erroneous; there being no testimony that the speed was increased because of the semaphore.

2. MASTER AND SERVANT ⊕⇒293(19) — INSTRUCTIONS—SUFFICIENCY.

In an action by an employé against a railroad company for injuries caused by sudden increase of engine's speed while plaintiff was attempting to board it, *held*, defendant was entitled to an unqualified instruction that, if the engineer did not see plaintiff at such time, they would return a verdict for defendant.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Henry Wiley, Jr., against the Texas & Pacific Railway Company. From a judgment of the Court of Civil Appeals (155 S. W. 356), affirming a judgment of the district court for plaintiff, the defendant brings error. Reversed and remanded.

F. H. Prendergast, of ·Marshall, for plaintiff in error. Lane & Lane and M. B. Parchman, all of Marshall, for defendant in error.

STRONG, J. The plaintiff, Wiley, was injured while attempting to board a switch engine of defendant in its yards at Marshall, Tex. The judgment of the trial court was for plaintiff, assessing his damage at $350.

Plaintiff was about 19 years of age, and was employed at the shops of defendant. He testified, in substance, that it was the custom of the men working at the shops to ride on the switch engines to and from work; that on the occasion of his injury he attempted to board the engine while it was going at a low rate of speed; and that the engineer saw him and suddenly increased the speed of the engine, causing him to fall and receive the injuries complained of.

The engineer testified that he did not see plaintiff when he attempted to board the engine, and knew nothing of his being there, and did not know that he was injured until about two months after the accident.

[1] The defendant requested a charge to the effect that, if the engineer did not see plaintiff when he attempted to board the engine, the jury would return a verdict for defendant. The court charged the jury on this issue in substance that if the engineer increased the speed of the engine upon observation of the semaphore, and did not see plaintiff at the time he attempted to board the engine, to find for defendant. This charge required the jury to find, not only

that the engineer did not see plaintiff at the time he attempted to board the engine, but also to find that the speed of the engine was increased by the engineer on account of his observation of the semaphore, before they would be authorized to find for defendant.

There is no testimony in the record suggesting that the engineer increased the speed of the engine by reason of the semaphore. This being true, the jury could not find for defendant under the charge given by the court. The theory of defendant was that the engineer did not see plaintiff when he attempted to board the engine. If this was true, defendant was entitled to a verdict, whether the speed of the engine was increased on account of the semaphore or for some other reason.

[2] We are of opinion that the court's charge did not correctly present defendant's theory of the case. Under the evidence, defendant was entitled upon proper request to have the jury instructed, affirmatively and without qualification, that, if the engineer did not see plaintiff at the time he attempted to board the engine, they would return a verdict for the defendant. Traction Co. v. Evans, 108 Tex. 356, 193 S. W. 1067; Railway Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039; Railway Co. v. Kiersey, 98 Tex. 596, 86 S. W. 744.

If a correct charge on the issue of contributory negligence is requested upon another trial, it should be given.

We think the other assignments were correctly disposed of by the Court of Civil Appeals.

We are of opinion that, for the error pointed out, the case should be reversed and remanded.

PHILLIPS, C. J. The judgment recommended by the. Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.