San Antonio & Aransas Pass Railway Company v. L. D. and B. F. Kiersey.

No. 1406.  Decided April 27, 1905.

**1.—Railway—Overflow—Unprecedented Flood.**

Charge held to properly present the care and skill required in railway construction with reference to precaution against unusual floods.  (P. 595.)

**2.—Overflow—Measure of Damages.**

It was error to admit evidence of the value of plaintiff's land before the construction of a railway, on the issue of damages by overflow caused by such structure ten years later, the measure of which was the difference between the value of the land just before and that just after the overflow.  (P. 596.)

**3.—Overflow—Limitation—Charge.**

A charge denying plaintiff recovery for damages by overflow of his land on the ground of limitation, held properly refused because part of the damages shown were inflicted less than two years before institution of suit.  (P. 596.)

**4.—Overflow—Defense—Charge.**

Defendant was entitled to a requested affirmative charge relieving it from liability if the damage for overflow sought to be recovered would have been caused by the flood in question had no railroad been constructed; and where damages were claimed both as the direct result of the railway structures and also as indirectly caused by their effect in causing the channel of a stream to fill up, a charge applicable to the direct effect of the structure only did not cover the point so as to justify the refusal of such requested charge.  (Pp. 596, 597.)

Error to the court of Civil Appeals for the Third District, in an appeal from Falls County.

L. D. and B. F. Kiersey sued the railway company for damages to lands owned by them respectively, and each had judgment.  Defendant appealed and on affirmance obtained writ of error.

*A. W. Houston* and *Waller S. Baker,* for plaintiff in error.—It was error to instruct the jury to find for the plaintiff if the defendant "could have so constructed its embankment and trestle as not to have caused the damages complained of," because this imposed upon the defendant a degree of care greater than ordinary, and the necessity of a construction beyond reasonable, or what a person of ordinary prudence would have constructed under the same or similar circumstances. Galveston H. & S. A. Ry. Co. v. Gormley, 27 S. W. Rep., 1053; International & G. N. Ry. Co. v. Bell. 75 Texas, 50.

It was an encroachment upon the province of the jury to instruct

them that, if defendant could have so constructed the embankment and trestle as not to have caused the damage complained of, then such failure in law would constitute negligence.    Houston & G. N. Ry. Co. v. Miller, 51 Texas, 275; Texas & P. Ry. Co. v. Murphy, 46 Texas, 364; Campbell v. Trimble, 75 Texas, 271; Galveston H. & S. A. Ry. Co. v. Porfert, 72 Texas, 351; Gulf C. & S. F. Ry. Co. v. Gasscamp, 69 Texas, 547; Texas & P. Ry. Co. v. Chapman, 57 Texas, 75; Texas & P. Ry. Co. v. Wright, 62 Texas, 515; Missouri P. Ry. Co. v. Lee, 70 Texas, 496; Houston & G. N. Ry. Co. v. Randall, 50 Texas, 260.

The court erred in charging the jury that if the floods could have been reasonably anticipated by a prudent man, skilled in such work, the company would be liable, because all that is required in law is that which could have been anticipated by a person of ordinary prudence.

The court erred in allowing L. D. Kiersey, C. E. Nunn, Parham Kiersey, J. W. Nelson, Louis Martin and B. F. Kiersey, to testify, over the objection of the defendant, to the market value of the land in question about the time and before the defendant's railroad was built in 1889, because the measure of damages was the difference in the market value of the lands in controversy immediately before and after the overflows complained of, and not such value at the time the railroad was built, and because the defendant pleaded the statute of two years' limitation.    International & G. N. Ry. Co. v. Davis, 29 S. W. Rep., 484; Trinity & S. Ry. Co. v. Schofield, 72 Texas, 500; Gulf C. & S. F. Ry. Co. v. Helsley, 62 Texas, 596.

It appearing from the undisputed evidence that the injury of which appellees complain was set in motion about the time appellant's road was built, in 1889, and continued until after the overflows of 1899 and 1900, appellant in no event would be liable for more than the proportion of such damages accruing within two years anterior to the filing of appellee's suits.

The court nowhere charged the jury that the defendant would not be liable, if at all, for a greater proportion of the damage to the land than that occurring within two years anterior to the filing of the appellee's suits, and the court's attention having been called to this by a special charge, the court should have given it, or, if the charge requested was not a proper charge on the subject, the court should have given a proper charge, as this issue was not submitted with respect to damage to land.    Neville v. Mitchell, 66 S. W. Rep., 580; Gulf C. & S. F. Ry. Co. v. Hodges, 76 Texas, 90.

The defendant pleaded, and nearly all the evidence tended to show, that the damage of which appellees complained would have resulted whether appellant's trestle had been built or not.    Therefore the court erred in refusing to charge the jury to find for the defendant if the damages of which plaintiffs complain would have resulted had not the defendant's trestle been built.    If the damage complained of would have resulted whether defendant's trestle had been built or not, the de-

fendant would not be liable.   Austin & N. W. Ry. Co. v. Anderson, 79 Texas, 434.

*J. A. Martin, E. M. Eddins,* and *Rice & Bartlett,* for defendants in error.—The court did not err in charging the jury as outlined in appellant's third and fourth assignments of error, because the law is, if the overflow in question was of such an extraordinary character that railroad engineers of ordinary care, prudence and caution in the construction of its embankment could not be reasonably expected to anticipate it, then defendant company would not be liable for damages, but, although the overflow was extraordinary, yet if it could have been reasonably anticipated by railroad engineers of ordinary care, prudence and caution and in the construction of said railroad embankment the same could have been so constructed so as not to have caused damage, the defendant company would be liable.   Gulf C. & S. F. Ry. Co. v. Pomeroy, 67 Texas, 498; Missouri K. & T. Ry. Co. v. Davidson, 60 S. W. Rep., 279; Sabine & E. T. Ry. Co. v. Hadnot, 67 Texas, 503; St. Louis & S. F. Ry. Co. v. Craigo, 10 Texas Civ. App., 244; Gulf C. & S. F. Ry. Co. v. Nicholson, 25 S. W. Rep., 54; Gulf C. & S. F. Ry. Co. v. Holliday, 65 Texas, 512.

Error in the admission of evidence which is cumulative and could not have produced a different result, is harmless, and where, in the absence of evidence complained of, the same result would have been obtained, its admission is harmless error.

Error in the admission of evidence of facts incompetent, proven by other and competent evidence, was harmless, and the erroneous admission of evidence in the absence of prejudice to appellant is harmless, and no cause for reversal, where no injury is shown.   Lord v. New York Life Ins. Co., 65 S. W. Rep., 699; Sullivan v. City of San Antonio, 62 S. W. Rep., 557; St. Louis S. W. Ry. Co. of Texas v. Barnes, 72 S. W. Rep., 1041; Missouri K. & T. Ry. Co. v. Dilworth, 95 Texas, 327; Chicago R. I. & T. Ry. Co. v. Porterfield, 92 Texas, 442; Gulf C. & S. F. Ry. Co. v. Johnson, 42 S. W. Rep., 584; Fort Worth & D C. Ry. Co. v. Harlan, 62 S. W. Rep., 971; San Antonio & A. P. Ry. Co. v. Wright, 20 Texas Civ. App., 136; Green's Complete Texas Digest, vol. 1, p. 744, sec. 1073, for collection of authorities on this subject; Texas & P. Ry. Co. v. Murtishaw, 78 S. W. Rep., 953; Greenway v. De Young, 79 S. W. Rep., 604.   Error in admitting incompetent evidence is cured when competent evidence of the same fact is afterwards given.   Slocum v. Putnam, 25 S. W. Rep., 52.   No cause for reversal when no injury done: London and Globe Ins. Co. v. Fred Ende, 65 Texas, 121; Ft. Worth & D. C. Ry. Co. v. Greathouse, 82 Texas, 108; 4 S. W. Rep. Dig., 278, sec. 473, for additional authorities.

The court did not err in refusing to give appellant's special charge upon the subject of apportionment of the damages, as complained of in appellant's twenty-third assignment of error, for the reason that the court, in its main charge, limited appellees' right to recover for any

damages' prior to two years before the filing of these suits, and by so doing prevented the jury from awarding or assessing any damages occurring prior to that time.

It is not error for the court to refuse a special charge where the court of its own motion and in its main charge has properly charged the law upon the same subject.

It is never incumbent upon a court to give a special charge on a subject fully embraced in and covered by the court's charge upon the same subject and no error is committed in refusing such a special charge. San Antonio & A. P. Ry. Co. v. Skidmore, 65 S. W. Rep., 215; International & G. N. Ry. Co. v. Harris, 65 S. W. Rep., 885; S. W. Rep. Dig., vol. 6, p. 3627, sec. 112.

Where all the instructions and charges given in any case taken together contain a complete exposition of the law and cover every phase of the case, a verdict thereon will be sustained, even though one of the instructions, when taken alone, may be incomplete and open to objection. And this rule is not changed because a charge given at the request of one of the parties is complained of; for the rule is, that charges given at the special request of plaintiff and defendant and of the court's own motion, should be considered together. Able v. Lee, 6 Texas, 429; International & G. N. Ry. Co. v. Stewart, 57 Texas, 166; Kauffman & Runge v. Babcock, 67 Texas, 241; 1 Buckler's Civ. Dig., p. 301, sec. 111; Moore v. Moore, 73 Texas, 389; Jobe v. Houston, 23 S. W. Rep., 408; Bell v. Martin, 28 S. W. Rep., 108; San Antonio & A. P. Ry. Co. v. Corley, 26 S. W. Rep., 903; Swafford v. Spratt, 67 S. W. Rep., 701; Texas & P. Ry. Co. v. McKenzie, 2 Posey's U. C., 308.

A special charge containing a mere repetition of a principle of law already given in different phraseology in the main charge, should not be given, and this is especially true when to give the same would give undue prominence to that principle of which the repetition is asked. When the main charge of the court substantially presents the law concerning all the issues raised by the pleadings and evidence in a case, it is not error to refuse a special charge on a subject embraced in and covered by said main charge, and especially is this true when to do so would give undue prominence to that phase of the case presented in said special charge. Traylor v. Townsend, 61 Texas, 147; Missouri P. Ry. Co. v. Henry, 75 Texas, 224, and the authorities collated on this subject in vol. 5 Green's Complete Texas Dig., p. 10,874, sec. 198, title "Trial."

Defendant pleading that the injury, if any, of which plaintiffs complained, would have resulted in the absence of defendant's roadbed, the construction of which is complained of, is equivalent to pleading that the injury complained of was the act of God for which defendant would not be liable, and a charge which pertinently submits this issue to the jury, and which instructed them to find for the defendants in the event they should believe that the injuries of which plaintiffs complained resulted from an act of God, was equivalent to a charge that if the jury

believed from the evidence that 'the damages of which plaintiffs com-- plained would have occurred had not defendant's trestle as complained, of by plaintiffs been built across Cow Bayou.

BROWN, Associate Justice.—The following statement of the plead- ings of both parties is taken from the opinion of the Court of Civil Ap- peals.

"The appellees, B. F. and L. D. Kiersey, sued the Aransas Pass Rail- way Company, appellant, by separate suits, which suits were consoli- dated, and in which appellees claimed damages to their land and crops located in the valley of Cow Bayou, in Falls County, Texas, on account of overflows resulting from appellant's alleged defective and negligently constructed trestle across Cow Bayou.

"The appellant answered by general exception and special exceptions, and specially pleaded that the waters of Cow Bayou for the years 1899 and 1900 were unprecedented and extraordinary, and highest ever known within the memory of man, and too high to be foreseen and anticipated or provided against by persons of ordinary prudence, and that the chan-, nel and valley of Cow Bayou was a mile or more wide in some places. Appellant further alleged that it constructed its tracks carefully, skill- fully and scientifically, so as to provide against the very highest waters of Cow Bayou, in that it constructed all of the culverts and sluices de- manded by the natural lay of the land complained of, and sufficient for its drainage; and that the appellant's bridge or trestle across the valley of Cow Bayou, and the channel thereof, was more than a quarter of a mile long and extended from hill to hill of the average height of about fifteen feet, and supported by 12-inch piling twelve feet apart the whole distance, which was adequate and ample to admit of the passage of great floods in their natural flow without interruption. Appellant alleged that in the absence of its railway the same overflows would have resulted, and would have done the same damage; that they were acts of God. Ap- pellant pleaded the statute of two years limitation as against each of the appellees."

The honorable Court of Civil Appeals filed no separate conclusions of fact in the case and we must assume that the evidence was sufficient to support the judgment of the trial court. The claim of the plaintiffs rested upon evidence which tended to prove that in the years 1899 and 1900 there were heavy rains which caused a very considerable rise in the waters of Cow Bayou, in Falls County, upon which the plaintiffs' lands were situated, and that the bridge of the defendant constructed across the said Cow Bayou at that point caused the water to flow out upon and to stand upon the lands of the plaintiffs for a considerable time, whereby the crops and the land of the said plaintiffs were greatly damaged. The railroad company constructed its bridge and trestle, which extended across the creek and from hill to hill, across the bottom land in 1889, and from that time down to the time of the overflow com- plained of there had been frequent inundations of the land. There was

proof which was practically undisputed that the channel of the bayou had been filled with mud and driftwood until it was not so deep as it was at the time that the bridge was constructed over it, and it was claimed by the plaintiffs that the filling up of the channel was caused by the improper construction of the bridge which caused the extensive overflow of the water upon their lands. The evidence was conflicting as to whether the construction of the bridge and trestle had anything to do with the filling of the channel of the bayou. There was proof that the overflow which caused the damage sought to be recovered was unusual, and it was claimed by the defendant that it was unprecedented, and therefore that the defendant was not liable for the damages which resulted therefrom. The case was tried by a jury and a verdict was rendered for B. F. Kiersey for $2498.75 and for L. D. Kiersey $1751.25, and judgment rendered for each of the parties for the amount so found. The Court of Civil Appeals affirmed the judgment, and the railroad company applied to this court for writ of error based upon the following assignments of error:

It is claimed that the trial court committed error in giving to the jury the following charge: "If you believe from the evidence that although the overflows mentioned above were extraordinary, yet if such an overflow could have been reasonably anticipated by railroad engineers of ordinary prudence, caution and skill, and the building of the embankments and trestle could have so constructed them so as not to have caused the damage complained of, if any, then a failure upon the part of the defendant company to so construct the road at the point in question would, in law, constitute negligence." And, "If you believe that the floods of 1899 and 1900 were unprecedented, that is, such as could not have been reasonably anticipated by a prudent man skilled in such work as constructing railroads across such streams as the one in question, then it would be the act of God, for which the company would not be liable, and if you so find you will return a verdict for the defendant company."

Plaintiff in error asserts that the trial court erred in refusing to give the following special charges requested by it: "It appearing from the undisputed evidence in this case that the damages complained of by the plaintiff to the lands occurred in part prior to two years before the filing of plaintiffs' suits, and it appearing that there is no evidence showing what part of the damages complained of to said land occurred within two years, no basis for computing said damages to said land has been shown, you will therefore find for the defendant." "If you believe from all of the evidence in this case that the damages of which the plaintiffs complain of, to their lands and crops would have resulted, had not the defendant's trestle, as complained of by the plaintiffs, been built across the valley of the Cow Bayou, you will find for the defendant."

The court did not err in giving the two charges set out above, complained of by the defendant in error. The charges correctly presented to the jury the law applicable to the facts. Gulf C. & S. F. Ry. Co. v.

Pomeroy, 67 Texas, 501; Gulf C. & S. F. Ry. Co. v. Holliday, 65 Texas, 519.

There was error in admitting the evidence of the different witnesses as to the value of the land before the construction of the bridge and trestle. The difference between the value just before and just after the overflow is the proper measure of damages to the land. Trinity & S. Ry. Co. v. Schofield, 72 Texas, 500. The honorable Court of Civil Appeals held that this error was harmless because other witnesses testified that the value of the land was the same just before the flood as it was just before the construction of the bridge, but, as we read the record, the strength of the evidence as to the value of the land is in the testimony relating to such value before the construction of the railroad, and we think it might have influenced the jury in arriving at the value of the land just before the flood came.

The court did not err in refusing to give the charge requested by defendant on the subject of limitations, because there was evidence of damage to the crops which occurred in the year 1899, less than two years before the filing of the suit, for which recovery might have been had, and which were separable from any damage which might have accrued at a time prior thereto. Under this evidence the defendant was not entitled to a verdict as against the entire claim of the plaintiffs. In the general charge the district judge had limited the right of recovery to such damages as were shown to have accrued within two years prior to the institution of the suits.

The court stated the ground of the plaintiffs' claim against the defendant in this language: "The plaintiffs in the above entitled and numbered causes sue to recover damages from the defendant company for injury to the property described in the petition of each, occasioned by the failure of the defendant company to so construct its road across Cow Bayou as not to interfere with the passing of the water through the valley at a point where the plaintiffs property is situated." A defense to this claim on the part of plaintiffs was presented by the charge requested and refused if the facts stated were true, because it is apparent that if such damage would have accrued in the absence of the structure, then its existence could not have caused the damage and the defendant was entitled to have that defense presented in an affirmative form. Railway Co. v. Hall, 12 Texas Ct. Rep., 377; Texas Trunk Ry. Co. v. Ayres, 83 Texas, 268; Missouri K. & T. Ry. Co. v. McGlamory, 89 Texas, 365.

The defendants in error claim that this paragraph of the general charge embraced the defense presented by the special instruction refused: "If therefore you believe from the evidence before you that the defendant railway company so constructed its road across the valley of Cow Bayou at the place in question that it materially interfered with passage of the water through the channel and valley of said Cow Bayou, and that by reason of such interference, if any, the water was caused to stand upon plaintiffs' lands and crops to such an extent as that such lands and crops or either were injured, and you further find that said

injury, if any, would not have occurred but for the construction of its said road across said valley, in the manner in which same was constructed, then if you so find, the plaintiffs would be entitled to recover." If this was the only expression upon the right of plaintiffs below to recover, the language, "and you further find that said injury, if any, would not have occurred but for the construction of its said road across said valley, in the manner in which same was constructed, then if you so find, the plaintiffs would be entitled to recover," is not so explicit a presentation of the defense as to justify the refusal of the special request of the defendant. But the court also instructed the jury as follows: "If you believe from the evidence that defendant company defectively constructed its roadbed across the Cow Bayou, in manner and form as stated in plaintiffs' petitions, and that as a direct consequence of such defective construction the channel of said creek was filled up, and you further believe from the evidence that as a direct consequence of the defective construction of said road and the filling up of said channel of said creek, surface waters which had been diverted from their natural and ordinary course were caused to flow over plaintiffs' said lands, and that they destroyed plaintiffs' crops of cotton, if any they had growing thereon, then you will find for plaintiffs the reasonable market value of said crops," etc. The first charge quoted above related to the obstructing of the flow of the water through the channel and valley as a ground of recovery, while the second points directly to filling of the channel whereby the water was caused to flow over the valley, and to the latter the defense is not made to apply. The difference in the charges was calculated to lead the jury to believe that the same limitation did not apply to damages caused by the filling of the channel as was applied to obstructing the flow of the water.

Because the court erred in refusing the special charge, the judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*