ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS V. C. J. W. JOHNSON.

No. 1602.     Decided December 12, 1906.

**1.—Carrier of Passengers—Injury in Alighting—Charge.**

Where the negligence alleged consisted in the porter moving the stool placed for passengers to step on in alighting from the train, and there was evidence that it was not moved, but that the plaintiff stumbled in getting down the steps, defendant was entitled to have given a requested charge that plaintiff could not recover unless moving the stool was the cause of his fall. (Pp. 238, 239.)

**2.—Same.**

A charge which directed a finding for defendant in the event the stool was not moved, and plaintiff stumbled on the steps and was caught by the porter, and prevented from falling, was too restricted to present the defense properly. (P. 239.)

**3.—Same—Previous Injury.**

When the evidence showed that plaintiff, suing for alleged injuries to his back in a fall while getting off a car, had previously received similar injuries, defendant was entitled to a requested charge that his recovery should be limited to the injuries on the latter occasion. (P. 239.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

Johnson sued the railway company and recovered judgment. Defendant appealed and on affirmance obtained writ of error.

*E. B. Perkins* and *Templeton, Crosby & Dinsmore,* for plaintiff in error.

*Evans & Elder,* for defendant in error.

GAINES, Chief Justice.—This suit was brought by defendant in error to recover damages for injuries claimed to have been received by the plaintiff in alighting from a train of the defendant company, upon which he had been riding as a passenger.

The negligence of the company which is alleged to have caused the accident is averred in the petition as follows: "That when he (plaintiff) reached said station of Carrolton and when said train had stopped for the purpose of allowing passengers to alight therefrom plaintiff while in the exercise of due care attempted to alight from said train in the usual and customary manner, and just as he was stepping from the last step of the car, onto a stool that had been placed under said step, which stool had been placed there by an agent and servant of the defendant whose duty it was to perform this act, and who was acting in pursuance of and within the scope of this authority; said agent and servant negligently and carelessly moved and displaced said stool suddenly and in such a manner that plaintiff was thereby caused to step on the edge of said stool, thereby causing him to slip and fall with great force and violence on and against said stool and the platform."

The defendant pleaded a general denial and contributory negligence.

Upon the trial the plaintiff testified to facts tending to show that he was injured and that the injuries were brought about substantially as alleged in his petition.

The defendant introduced two witnesses as to the accident—one the porter who was assisting the passengers to alight and the other the baggage master and express messenger of the train. The testimony of the porter admitted of the conclusion that the cause of the accident was that the plaintiff stumbled on the steps of the car. He testified directly that he did not move the stool. The testimony of the baggage master, while not entirely consistent with that of the porter, was perhaps corroborative of it with respect to the cause of the accident. At all events the testimony made an issue whether the moving of the stool was the cause of the injury.

Now the plaintiff having predicated his case upon the negligence of the porter in removing the stool, just as he was stepping from the car, he could recover only by proving the facts as alleged. The negligence of the porter in that respect was put in issue by the general denial and under the circumstances of this case we think that the defendant was entitled to have the jury affirmatively instructed, that if the moving of the stool was not the cause of the accident it was entitled to a verdict.

Such being the state of the pleadings and evidence, after the general charge was given, the counsel for the defendant asked the following special instruction, which was refused: "If the plaintiff stumbled or

fell while he was in the act of alighting from the train and was injured in consequence to any extent and he was caused to fall for any reason except the moving of the foot stool by the porter, then he is not entitled to recover and you should return a verdict for the defendant." We think this or some equivalent instruction should have been given. The question therefore presents itself, was the proposition presented in the main charge? In the third paragraph thereof, after charging upon contributory negligence, this was added: "Or if you find that as plaintiff was coming down the steps he stumbled and started to fall and he was caught by the defendant's servant, and was prevented from falling, then and in either event you will find for the defendant." Under this clause of the instructions the jury could not have found a verdict for the defendant although they may have believed the accident was not caused by the negligence of the porter in removing the stool, unless they also believed that the porter prevented him from falling. The instruction is correct as a legal proposition: but the vice consists in the fact, that as applied to the main issue in the case, it was too restrictive. We are of opinion, therefore, that the defendant was entitled to the instruction, without qualification as to the porter's preventing the plaintiff's falling and that therefore it was error to refuse the charge in question.

We also think that the court should have given the following special instruction requested by the defendant: "If you find that the plaintiff had been injured in his back prior to the time he claims to have been injured at Carrolton or that he had any disease of the back prior to that time and that he was suffering therefrom at the time of the alleged accident at Carrolton and you further find that he was injured in the back at Carrolton while alighting from the train and that the defendant is responsible for such injuries and that the injuries received at Carrolton simply aggravated or increased his existing trouble, then the plaintiff would be entitled to recover, if at all under the other instructions given you, only for the increase or aggravation of the troubles which existed at the time he received such injuries at Carrolton." The plaintiff testified that about a year before the injuries for which he sued, he met with a similar accident at the town of Wylie in descending from a passenger train: but that he had recovered from that injury. We do not deem it proper to discuss the evidence in detail. But from the circumstances testified to by him, it would seem that the first accident was more likely to produce permanent injuries than the latter.. In view of this fact, and of the further consideration that the jury were not bound to accept broadly his statement, that he had recovered from the injuries inflicted at Wylie, we think it was not proper to refuse the instruction.

We think the question presented by the other errors assigned in the Court of Civil Appeals were correctly disposed of by that court. For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*