SOUTHERN KANSAS RY. CO. OF TEXAS v. WALLACE. (No. 2561.)

(Commission of Appeals of Texas, Section B. Nov. 13, 1918.)

1. CARRIERS ⊜⇒362 — EJECTION OF PASSENGERS—VOLUNTARY DEPARTURE.

If a passenger voluntarily leaves a railroad train on the advice of the conductor, upon discovery that she has forgotten her ticket, she cannot recover from the railroad company as for ejection.

2. TRIAL ⊜⇒204 — INSTRUCTION — STATEMENT OF FACTS.

A party is entitled, when he requests it by correct instructions, to have facts establishing his cause of action or grounds of defense affirmatively stated by the court to the jury.

3. CARRIERS ⊜⇒384(2)—EJECTION OF PASSENGERS—INSTRUCTIONS.

In a passenger's action against a carrier for ejection from its train, instructions should cover the question whether the acts of the conductor

were reasonable and necessary in ejecting the passenger, and whether in fact he suffered humiliation, chagrin, and mortification.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by C. H. Wallace against the Southern Kansas Railway Company of Texas. Judgment for plaintiff was affirmed by the Court of Civil Appeals (152 S. W. 873), and defendant brings error. Reversed and remanded, on recommendation of Commission of Appeals.

Terry, Cavin & Mills, of Galveston, and Madden, Trulove & Kimbrough and F. M. Ryburn, all of Amarillo, for plaintiff in error.

J. L. Penry, of Ft. Worth, and R. E. Underwood, of Amarillo, for defendant in error.

STRONG, J. C. H. Wallace, plaintiff in the trial court, brought this suit against the Southern Kansas Railway Company, as defendant, for damages on account of the alleged ejection of plaintiff's wife from defendant's passenger train.

The material allegations in plaintiff's petition are that he purchased the necessary tickets to entitle his wife, two children, and a brother of his wife, about 16 years of age, to passage on defendant's train from Amarillo, Tex., to Kansas City, Mo.; that, while assisting his wife and children on the train, he was informed by the agent of the defendant that it would be necessary to check a certain gocart; that he procured the tickets from his wife and checked the gocart, then boarded the train and delivered the check to his wife, but in the rush incident to so doing, the train being in the act of leaving, he neglected to give her the tickets; that, when the conductor requested the tickets of his wife, she for the first time discovered that he had not returned the tickets to her; that thereupon she requested the conductor to permit her to pay the fare to Panhandle City, a station on defendant's road, and wire back for the tickets, which request was refused, and she and her children were ejected from defendant's train, about three miles from Amarillo, and were required to walk back to said station in the rain and mud, causing them to become sick and suffer great humiliation, chagrin, etc.

Defendant answered by general denial and pleas of contributory negligence.

Upon the trial, plaintiff's wife testified in substance that, when the conductor called for the tickets and she discovered that her husband had neglected to return them to her, she then offered to pay the fare to Panhandle City, and asked the conductor if she could do so, and wire back to her husband for the tickets, but that the conductor refused to permit her to do this, and ejected her and those accompanying her from the train.

The testimony of the defendant's conductor was in substance that, after plaintiff's wife had detailed to him the circumstances of her husband's failure to give her the tickets, he told her he thought it would be best for her to get off and get the tickets and come out on the next train, and suggested that she could phone for a conveyance, and that, after discussing the matter, she accepted his advice, and of her own will, without compulsion on the part of defendant's employés, left the train for the purpose of procuring her tickets; that she at no time said anything about paying the fare to Panhandle City, or any other point.

Such being the evidence, the defendant requested the following charge, which was by the court refused:

"If you find and believe from the evidence that defendant's conductor, G. P. Hamblin, did not compel plaintiff's wife and accompanying children to alight from the train, but that said conductor advised or suggested to plaintiff's wife that it would be better for her to get off the train and return for her tickets, and continue her journey on the next train, and further find that such advice or suggestion was acquiesced in and accepted by Mrs. Wallace, and that she and the persons accompanying her voluntarily left said train without any compulsion on the part of defendant's conductor, and further find that said conductor exercised ordinary care in the treatment of plaintiff's wife, and in assisting her off of said train, and in furnishing her a suitable place at which to alight from said train, then you are instructed to return a verdict for defendant."

The defendant in error contends that this issue was sufficiently presented by the court's main charge.

The court's charge presents the plaintiff's theory of the case in an affirmative manner, but does not undertake to give the defendant an affirmative instruction on the issue covered by the requested charge.

[1] We think, under the evidence, the requested charge should have been given. If plaintiff's wife and those accompanying her voluntarily left the train under the circumstances stated in the charge requested, he would not be entitled to recover. There was a sharp conflict in the testimony on this point, and defendant had the right, upon proper request, to have the law affirmatively stated to the jury in its application to the facts under which it would be entitled to a verdict. This right was not impaired by the fact that the same matter had been negatively presented in the main charge of the court.

[2] The rule of practice is well established that a party is entitled, when he requests it by correct instructions, to have the facts establishing his cause of action or grounds of defense affirmatively stated by the court to the jury. Traction Co. v. Evans, 108 Tex. 356, 193 S. W. 1067; Railway Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039; Railway Co. v. Kiersey, 98 Tex. 596, 86 S. W. 744; Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Railway Co. v. Casseday, 92 Tex. 525, 50 S. W. 125; Railway Co. v. McGlamory, 89 Tex. 639, 35 S. W. 1058.

This is true, whether the defense arises under the general denial or a special plea. Railway Co. v. Johnson, supra.

[3] Plaintiff in error contends that the court erred in paragraph 6 of his charge, because said paragraph permits plaintiff to recover on account of the acts and conduct of the conductor, if said acts and conduct were of such character as to produce a sense of humiliation, chagrin, and mortification in the mind of plaintiff's wife, without regard to whether such effect was in fact produced, and because said charge permits plaintiff to recover, without regard to whether such acts and conduct of the conductor were reasonably necessary in ejecting plaintiff's wife from the train, if she was ejected. As the case is to be reversed for failure to give the above requested charge, we suggest that upon another trial the charge be so framed as to meet these objections.

It is unnecessary to pass upon the other assignments, as the matters complained of may not arise upon another trial.

We are of the opinion that, for the error pointed out, the case should be reversed and remanded for another trial.

PHILLIPS, C. J. The judgment recommended by the Commission is adopted and will be entered as the judgment of the Supreme Court. The special charge referred to in the opinion should have been given.

