GAMMAGE v. GAMER CO.    (No. 25–2849.)

(Commission of Appeals of Texas, Section A. June 25, 1919.)

TRIAL ⬤═203(3)—INSTRUCTIONS — AFFIRMATIVE AND NEGATIVE OF ISSUES.

In a servant's action, where the court had affirmatively charged on his behalf that if the machine was defective and not in a safe condition, the master was liable, the refusal of a special charge, directing a verdict for the master unless the machine was in a defective condition, and unless the master had failed to use ordinary care with reference thereto, was error; the master being entitled to have the affirmative of the issue presented.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Henry C. Gammage against the Gamer Company. A judgment for plaintiff was reversed by the Court of Civil Appeals, and judgment rendered for defendant (162 S. W. 980), and, the Commission of Appeals having reversed the judgment of the Court of Appeals, and affirmed that of the trial court

(209 S. W. 389), the Supreme Court of its own motion returned the record for report of assignments of error not disposed of. Former judgment set aside, that of the trial court and Court of Civil Appeals reversed, and cause remanded.

Hunter & Hunter, A. J. Clendenen, and Theodore Mack, all of Ft. Worth, for plaintiff in error.

Lassiter, Harrison & Rowland, of Ft. Worth, for defendant in error.

TAYLOR, J. The Supreme Court has, of its own motion, returned to us the record in this case for a report upon certain assignments of error which we at the time of passing upon the case originally inadvertently failed to dispose of.

Appellant's fourth assignment of error, presented in the Court of Civil Appeals, complains of the refusal of the court to give the following special charge:

"Unless you find in this case that the machine in question was in a defective condition, and that the Gamer Company had failed to use ordinary care with reference to this machine, you are instructed to return a verdict in favor of the defendant."

The case turns upon the issue raised in the requested instruction, as is held in our original opinion. The court affirmatively charged, on behalf of plaintiff, that if said machine was defective and not in safe condition at the time of plaintiff's injury, defendant was liable. The defendant was entitled upon request to an affirmative charge upon the same issue. Traction Co. v. Evans, 108 Tex. 356, 193 S. W. 1067; Railway Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039; Railway Co. v. Kiersey, 98 Tex. 596, 86 S. W. 744; Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Railway Co. v. Casseday, 92 Tex. 525, 50 S. W. 125; Railway Co. v. McGlamory, 89 Tex. 639, 35 S. W. 1058; Southern Kansas Ry. Co. of Texas v. Wallace, 206 S. W. 505. This issue is not affirmatively submitted on behalf of the defendant in the main charge, and the court erred in refusing to give the charge requested.

We are of opinion that the former judgment of the Supreme Court entered herein should be set aside; that the judgment of the trial court and Court of Civil Appeals should be reversed, and the cause remanded for another trial.

PHILLIPS, C. J. The former judgment entered in this case will be set aside, and the judgment here recommended by the Commission of Appeals is ordered adopted and entered as the judgment of the Supreme Court. We approve the holding of the Commission in the foregoing opinion.

─────

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes