**GULF, C. & S. F. RY. CO. v. PRYOR.**
(No. 781.)

(Court of Civil Appeals of Texas. Beaumont. March 3, 1922.)

1. **Trial ⬅⟿352(4)—Issue as to injury during shipment is erroneous under petition alleging injury at particular place.**

Where the petition alleged that plaintiff's stock was injured at a particular place during its shipment, and specially pleaded the manner in which they were injured, a special issue as to whether the stock was injured during shipment was erroneous, since the plaintiff, having alleged special acts of negligence, could recover only on the facts pleaded.

2. **Evidence ⬅⟿213(1)—Testimony as to compromise offer of settlement is incompetent.**

In an action for injuries to a stock shipment, it was error to permit plaintiff to testify as to the terms of a compromise offer of settlement made by defendant.

Appeal from Sabine County Court; W. C. Arnold, Judge.

Action by J. W. Pryor against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Hamilton & Hamilton, of Hemphill, and Terry, Cavin & Mills, of Galveston, for plaintiff.
Adams, King & Adams, of Hemphill, for appellee.

WALKER, J. [1] This was a suit by appellee against appellant for damages for injuries to a shipment of stock, received while in transit from Fort Worth, Tex., to Bronson, Tex. Appellee specially pleaded that the stock was injured at Longview, and also specially pleaded the manner in which they were injured at Longview, predicating his cause of action on the facts thus alleged. Under this state of the pleadings, reversible error was committed by the trial court in submitting to the jury question No. 2, which was as follows:

"Was any of said live stock injured while in transit, that is, from the time it was delivered and taken in charge by the railroad company at Fort Worth, Tex., until said live stock was delivered to the plaintiff at Bronson, Tex.? You will answer this question 'Yes' or 'No.'"

Plaintiff's cause of action should have been submitted on his pleadings. Having alleged special acts of negligence, his recovery should have been limited to the facts pleaded. Railway Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039.

[2] Reversible error was also committed in permitting plaintiff to testify as to the terms of a compromise offer of settlement made by appellant.

For the errors discussed, this cause is reversed, and remanded for a new trial.

⬅⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes