ENTERPRISE CO. v. GLENN.    (No. 1447.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 6, 1927.)

1. **Appeal and error** ⚏1067—Refusing instruction not to give damages for plaintiff's discharge, if due to own misconduct rather than libel, held reversible error.

Where libel case presented issue as to whether keeper of pesthouse was discharged because of his own misconduct or because of published article, refusal of court to give defendant's requested instruction, stating law on this issue, held reversible error.

2. **Trial** ⚏203(3)—Parties are entitled, if they request by correct instructions, to have facts establishing their case stated affirmatively.

Whether defense or case arises under general or special plea, party is entitled, by requesting instructions, to have facts establishing his case stated affirmatively to jury.

3. **Libel and slander** ⚏124(7)—Refusing instruction not to give damages, if plaintiff did manufacture beer in house called brewery in alleged libelous article held error.

Refusing instruction that, if plaintiff did manufacture beer in city pesthouse, which the alleged libelous article referred to as "the municipal brewery," he was not entitled to damage for that statement held error.

4. **Libel and slander** ⚏121(1)—$5,000 damages held excessive for publishing implications that pesthouse keeper was bootlegger and alleging his arrest.

Verdict for $5,000 held excessive for publishing an article alleging arrest of pesthouse keeper during raid on "the municipal brewery," meaning the pesthouse, especially, in view of his prior reputation as a bootlegger.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Action in libel by J. W. Glenn against the Enterprise Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Orgain & Carroll, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

WALKER, J. This was an action in libel by appellee against appellant, in which the jury rendered a verdict for $8,000 damages, but on remittitur ordered by the court judgment was entered for only $5,000.

On or about September 1, 1922, appellant printed in one of its papers, the Beaumont Enterprise, published in the city of Beaumont, an article to the effect that the police officers of the city of Beaumont had raided the city pesthouse, named in the article, "the municipal brewery"; that J. W. Glenn, who was the keeper of the pesthouse, was arrested in the raid, and two dozen bottles of beer confiscated; continuing, the article stated that the raid on the pesthouse was only one of fifteen conducted on the same evening, and in all except three prisoners were taken.

Appellee charged that the article was libelous and untrue, causing him great financial loss, etc., and, further, as a result of the publication of the article, the city had discharged him as pesthouse keeper, to his further damage $3,000.

While appellant's answer was lengthy, it is sufficient to say that it embodied a general denial.

The following excerpt from the court's charge embodies the issues of fact and law as they were presented to the jury:

"Now, considering the foregoing statement of the case and of the law applicable to the same, if you believe from a preponderance of the evidence that the publication complained of was libelous, and that the plaintiff's reputation was injured thereby, or that he suffered shame and disgrace and physical pain and mental anguish, or was caused to lose his position and employment, you will find for the plaintiff such sum as actual damages as you may find in the evidence will reasonably compensate him for such several injuries, if any, you find he has suffered. But, if you find from a preponderance of the evidence before you that the said article and publication in those portions of same which are libelous, if you find them libelous, are true, then you will find for the defendant."

[1] As an element of its defense, appellant raised the issue that appellee's discharge was not caused by the publication of the article, and that such publication in no way entered into the discharge, but that it was caused by appellee's manner of conducting the pesthouse, and the fact that bootlegging complaints had been lodged against him.

The trial court did not submit as an affirmative defense the theory of the case raised by this evidence. On that ground due exceptions were reserved; and the following special charge, though requested, was refused:

"You are instructed that, if you believe from the evidence that the plaintiff was discharged as keeper of the pesthouse by the city of Beaumont, by reason of the fact that he had been arrested on August 31, 1922, and was

charged with the unlawful sale and possession of beer, and if you further believe from the evidence that the publication of the article complained of on September 1, 1922, did not cause the city of Beaumont to discharge the plaintiff as keeper of the pesthouse, then and in that event you will allow no damages, if any, by reason· of such discharge."

[2] This charge should have been given, and its refusal clearly constitutes reversible error, under the authorities of this state. It was said by Mr. Justice Strong, speaking for the Commission of Appeals in Railway Co. v. Wallace, 206 S. W. 505:

"The rule of practice is well established that a party is entitled, when he requests it by correct instructions, to have the facts establishing his cause of action or grounds of defense affirmatively stated by the court to the jury. Traction Co. v. Evans, 108 Tex. 356, 193 S. W. 1067; Railway Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039; Railway Co. v. Kiersey, 98 Tex. 596, 86 S. W. 744; Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Railway Co. v. Casseday, 92 Tex. 525, 50 S. W. 125; Railway Co. ·v. McGlamory, 89 Tex. 639, 35 S. W. 1058. This is true, whether the defense arises under the general denial or a special plea. Railway Co. v. Johnson, supra."

See, also, Gammage v. Gamer Co. (Tex. Com. App.) 213 S. W. 930.

[3] Appellant duly requested the ·following special charge:

"You are instructed that, if· you believe from the evidence adduced upon the trial of this cause that the plaintiff on or about August 31, 1922, used the pesthouse in Jefferson county, Tex., as a place for the brewing and manufacturing of beer of an intoxicating nature, then, in that event, if you so believe from the evidence, you will award the plaintiff no damages, if any, for the publication of any part of the article complained of on September 1, 1922, having reference to the city pesthouse being a municipal brewery."

The issue embodied in this charge was clearly raised by the evidence. Had the jury believed this evidence, showing that appellee was, in fact, manufacturing beer in the city pesthouse, it would have constituted a perfect defense to his cause of action, and, as the trial court did not, in its main charge, affirmatively present this issue to the jury, it was reversible error to refuse the same.

The trial court having submitted the plaintiff's grounds of recovery affirmatively, "the defendant was entitled upon request to an affirmative charge upon the same issue." Gam-

mage v. Gamer Co. (Tex. Com. App.) 213 S. W. 930. The court's charge as submitted did not safeguard defendant's rights under the foregoing proposition, and the court erred in refusing to submit a proper charge requested by appellant on this issue.

[4] We also sustain the assignment that the verdict was excessive. It clearly appears from the evidence in the record that, whether guilty or not, appellee had a reputation as a bootlegger, which was known to many people, and when arraigned before the United States Commissioner he entered a plea of guilty to the charges growing out of the raid of his premises. Two official complaints had been lodged against him with the city manager. The opprobrium of being a bootlegger and a law violator was attached to his name before the publication of the article. A finding of $5,000 in favor of appellee, in the face of this evidence, cannot be sustained.

On the issue that the verdict was excessive, the court has carefully examined the entire statement of facts, and, in view of another trial, it is proper to say now, what we would have to say on another appeal, that each member of this court is convinced almost to the point of moral certainty (a) that appellee was not discharged by the city of Beaumont because of the publication. of the article; (b) that he was, in fact, using the pesthouse as a place for the manufacture of intoxicating liquor; and (c) that he was, in fact, engaged in the occupation and ·was guilty of the misconduct of unlawfully selling intoxicating liquor, though these issues were all controverted by appellee's evidence, · and he introduced credible witnesses to testify to his good reputation as a law-abiding citizen. But the evidence against him was overwhelming in weight. We fully recognize the rule that the jury ·is the judge of the credibility of the witnesses and the weight to be given their evidence, yet we also have the duty to check its verdict against the evidence brought forward in the record, and if, in·the exercise of the discretion vested in it by law, the jury returns a ·verdict so against the great weight and preponderance of the ;evidence as to be clearly wrong, it is our duty to set it aside. And it appearing to us, as we construe the evidence, that a verdict of $5,000 in favor of appellee is so excessive that this court cannot, as it believes the facts, suggest a proper remittitur, the error assigned constitutes reversible error.

Reversed and remanded.