## PEDIGO & PEDIGO v. CROOM.
### No. 814.

Court of Civil Appeals of Texas. Eastland.
March 13, 1931.

Rehearing Denied April 24, 1931.

Ritchie & Ritchie, of Mineral Wells, and Touchstone, Wight, Gormley & Price, of Dallas, for appellants.

L. H. Flewellen, of Ranger, and Frank Sparks, of Eastland, for appellee.

HICKMAN, C. J.

The appellants, Drs. W. S. and P. C. Pedigo, are practicing physicians and surgeons at Strawn. On or about December 22, 1927, appellee sustained a fracture of the femur of his right leg and was taken to a hospital in Strawn and placed under the treatment of appellants. This suit was instituted by him to recover damages for alleged malpractice

on the part of appellants in the manner of their treatment of his broken leg. Various grounds of negligence were pleaded. The case was submitted to a jury on special issues, and on the verdict judgment was rendered for appellee against appellants for $15,000 damages.

In a printed brief of 330 pages, besides several pages of index and alphabetical list of authorities, appellants present 54 propositions for reversal based upon 146 assignments of error. Supplemental briefs were also filed by appellants. Proposition 23, briefed on pages 174 to 181, will be considered first. Special issue No. 13 was as follows: "What sum of money, if any, if paid now, in cash, do you find would fairly and adequately compensate plaintiff, H. C. Croom, for the injury, if any, sustained by him in the treatment of his leg by the defendants, or either of them? Answer the amount in dollars and cents, if any. In arriving at the amount of damages, if any, sustained by H. C. Croom, as the direct and proximate result of the lack of skill, if any, and the negligence, if any, or either, if any, by the defendants, or either of them in their treatment of plaintiff's leg, you may take into consideration the evidence, if any, showing or tending to show if it does show or tend to show, the injury to the physical structure of the body, if any, of H. C. Croom; the pain, if any, suffered by him; the decrease, if any, in his ability to earn money, by reason of the injury, if any, which he may with reasonable certainty suffer in the future, if you find there will be any."

To this issue appellants timely presented, among others, the following objection and exception: "* * * Because said question does not exclude from the consideration of the jury the injury or probable consequence of injury sustained by H. C. Croom and being suffered by him prior to the time these defendants were engaged to treat him, and further because said question does not exclude that pain and suffering and loss of earning power past and future which would have been or might have been reasonably expected to be the natural consequence of his original injury."

■ Error is assigned to the action of the trial court in overruling this exception and objection. The evidence presents a situation where appellee was suffering from an infirmity before any of the alleged acts of negligence were committed by appellants. The most for which appellants could be charged would be the injuries sustained by appellee in addition to those which would have been sustained as a direct result of the broken leg. The injuries flowing from the original accident, and those flowing from the alleged negligence of appellants, were so connected and intermingled that appellants had the right to have the charge affirmatively limit the jury in its con-

sideration to the injuries resulting alone from their negligence and excluding such injuries as were the result of the original accident. The rule is stated in 17 C. J. p. 1074, § 378, as follows: "Where plaintiff in a personal injury case has been suffering from a previous disability or infirmity, the court should take care to state clearly and fully the rule of recovery in such cases, and a refusal to so instruct is error."

Texas cases are cited in support of the text. In addition to the cases there cited, we shall call attention to other Texas authorities.

In the case of St. Louis S. W. Ry. Co. of Texas v. Johnson, 100 Tex. 237, 97 S. W. 1039, 1040, submitted on a general charge, where the cause of action was for personal injuries to the plaintiff's back, and there was some evidence of a prior injury to his back, our Supreme Court held it was error for the trial court to refuse to give the following instruction: "If you find that the plaintiff had been injured in his back prior to the time he claims to have been injured at Carrolton, or that he had any disease of the back prior to that time, and that he was suffering therefrom at the time of the alleged accident at Carrolton, and you further find that he was injured in the back at Carrolton while alighting from the train, and that the defendant is responsible for such injuries, and that the injuries received at Carrolton simply aggravated or increased his existing trouble, then the plaintiff would be entitled to recover, if at all, under the other instructions given you, only for the increase or aggravation of the troubles which existed at the time he received such injuries at Carrolton."

In the case of Gulf, C. & S. F. Ry. Co. v. Farmer, 102 Tex. 235, 115 S. W. 260, 261, where the action was for damages under the "death statute," our Supreme Court, speaking through Chief Justice Gaines, uses this language: "It is important therefore, in an action of this sort that the jury should not only be given instructions to allow a recovery as authorized by the language of the statute, but that they should also be instructed for what elements no recovery can be allowed."

In the case of Hines v. Kelley, 252 S. W. 1033, 1035, the Commission of Appeals, in an opinion approved by the Supreme Court, quoted at length from International & G. N. Ry. Co. v. McVey, 99 Tex. 28, 87 S. W. 328, and also from Gulf, C. & S. F. Ry. Co. v. Farmer, supra, and on the authority of these and other decisions held that a charge in an action under the "death statute," which expressly limited the plaintiff's recovery to "her pecuniary loss only," but did not affirmatively exclude the elements of grief, pain, and anguish, etc., was deficient. We quote from the Commission's opinion, as follows: "In passing upon the sufficiency of the charge, however, the Supreme Court clearly indicates

that the improper elements themselves must be excluded—specifically, and not by some general expression descriptive of those elements, which may not be clearly understood by one unfamiliar with the legal interpretation of that expression. * * * It was the clear purpose of the Supreme Court in the McVey and Farmer Cases to hold, we think, that a charge which did not expressly exclude these elements from the jury's consideration was misleading and afforded ground for reversal."

This court considered a similar question in Times Publishing Co. v. Ray, 1 S.W.(2d) 471, 474, and in its opinion used the following language: "It is a well-settled rule that, where plaintiff in a personal injury case is suffering from a disability or infirmity not caused by the negligence of the defendant in the particulars alleged in the petition, the court should take care to charge clearly, fully, and affirmatively that the plaintiff is entitled to recover only to the extent that his infirmity was increased or aggravated by defendant's negligence. 17 C. J. p. 1074, § 378; St. Louis Southwestern Ry. Co. of Texas v. Johnson, 100 Tex. 237, 97 S. W. 1039; G., C. & S. F. Ry. Co. v. McMannewitz, 70 Tex. 73, 8 S. W. 66; Fort Worth & D. C. Ry. Co. v. Morrison (Tex. Civ. App.) 139 S. W. 884; St. Louis Southwestern Ry. Co. v. Hall (Tex. Civ. App.) 92 S. W. 1079."

█ The principle underlying these decisions is the same as that which is the foundation of the rule that a defendant is entitled to an affirmative presentation of his defenses. That this latter rule is the settled law of Texas is well established by many decisions, of which the following may be cited: Missouri, K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; North Texas Traction Co. v. Evans, 108 Tex. 356, 193 S. W. 1067; Galveston, H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Colorado & Southern Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; Southern Kansas Ry. Co. v. Wallace (Tex. Com. App.) 206 S. W. 505; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

A consideration of the foregoing authorities leads to the conclusion that the assignment and proposition under review should be sustained and the case be remanded. In submitting the question of the amount of damages upon another trial, the special issue should be so framed as affirmatively to exclude all injuries attributable to the original accident.

█ In their motion for a new trial in the court below appellants set up that, since the trial they had learned that appellee had been paid damages under the Compensation Law; that appellee's employer at the time of his injuries was a subscriber and Texas Employers' Insurance Association was the compensation insurer. Certified copies of the proceedings in the compensation case in the district court of Stephens county were attached to the motion. The facts with reference thereto did not develop in the trial of the case. It is insisted here that the settlement made by appellee with the Texas Employers' Insurance Association, together with the release executed upon the final payment, constitute a bar to any recovery against appellants. The authorities from other jurisdictions relied on by appellants seem to support the contention, but that question has been definitely resolved by our courts in favor of an employee's right to maintain a suit against a third person whose negligence caused his injury, even though he had first proceeded under the Compensation Law. This right is granted the injured employee under the provisions of article 8307, § 6a, as construed by our courts. Fox v. Dallas Hotel Co., supra; Hanson v. Ponder (Tex. Com. App.) 300 S. W. 35; City of Austin v. Johnson (Tex. Com. App.) 240 S. W. 523; Mitchell v. Dillingham (Tex. Civ. App.) 22 S.W.(2d) 971; and authorities there cited.

Upon another trial of this case, should the insurance association not intervene, proof should be offered that it had refused to do so or had waived its cause of action. The record suggests than an interesting and important question not before us for determination on this appeal may arise upon the next trial. In all of the Texas cases dealing with the right of an injured employee under the Workmen's Compensation Law to sue a third person for damages, so far as our knowledge of them extends, the negligence of such third person was the proximate cause of the original injury. In such cases, under article 8307, § 6a, the employee's cause of action is only for the excess over the total amount of compensation received. In this case appellee received at least a part of his compensation by virtue of the original accident, for which appellants were in no sense liable. The question suggested is, whether, in the event appellee should again be successful in his suit, there should be deducted from his judgment the full amount of compensation received, or only the amount received, on account of the additional loss of time, if any, suffered by him by reason of the alleged negligence of appellants. If the trial court entertains a doubt upon this question, we take the liberty of suggesting that the consequences of an erroneous decision of it may be minimized by submitting an issue on the question of how much additional compensation, if any, was paid to appellee on account of the alleged malpractice. With such a finding in the record the appellate court will be enabled, upon another appeal, to apply the law, whichever way it may be determined, to the findings without the necessity of another trial.

Various objections were made to the admissibility of certain evidence. Since this evi-

dence is in the form of depositions, and will likely be offered upon the next trial, we think it our duty to pass on these assignments at this time. Without setting out the various and sundry objections and exceptions contained in the assignments, we think it sufficient to state that we have considered the propositions and overrule all of them. We also overrule the assignments based upon the charge on the burden of proof, and those complaining of definitions of legal terms contained in the charge. Special issue No. 7 should not be submitted on another trial unless the pleadings are so amended as to authorize it. The other questions briefed will likely not arise upon another trial, and for that reason need not be discussed in this opinion.

For the error in the charge above pointed out the judgment of the trial court will be reversed, and the cause remanded.