## TEXAS EMPLOYERS' INS. ASS'N v. HORN.

### No. 4276.

Court of Civil Appeals of Texas. Amarillo.

Oct. 8, 1934.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

L. B. Godwin and Kimbrough & Boyce, all of Amarillo, for appellee.

JACKSON, Justice.

This suit was instituted by N. B. Horn, appellee, against the Texas Employers' Insurance Association, appellant, to set aside the decision of the Industrial Accident Board on his claim for compensation and to recover for accidental injuries he alleges he sustained on

October 31, 1931, while employed by L. E. Whitham & Co., a corporation, which carried insurance with appellant for the protection of its employees.

The appellant answered by general demurrer and general denial.

In response to special issues submitted, the jury found, in substance, that the appellee sustained personal injuries on October 31, 1931, while in the course of his employment as an employee of L. E. Whitham & Co.; that the injury resulted in total incapacity; that such total incapacity was for a period of 400 weeks; that an employee of the same class worked substantially the whole of the year from October 31, 1930, to October 31, 1931, in the same or similar employment, in the same neighborhood, and that the average wage earned by such employee was $4.50 per day; that no part of appellee's incapacity was due to a congenital condition of his bones; and that his incapacity was not wholly due to any disease or infection independent of his accidental injury.

On these findings judgment was rendered in favor of appellee for the sum of $6,197.40; $34.60 of which had been paid; that there was due $1,648.04; and the balance of $4,514.76 should be paid $15.58 per week for 292 consecutive weeks.

The appellant challenges the sufficiency of the verdict to authorize the judgment for appellee, because certain questions material to its defense raised by the pleading and testimony and submitted by the court were not answered by the jury.

Immediately following the issues relative to total incapacity, the court submitted issues relative to partial incapacity as follows:

"Question No. 6. Do you find from the preponderance of the evidence that the plaintiff has sustained partial incapacity as a result of the injury, if any, of October 31, 1931? Answer yes or no.

"Question No. 7. Do you find from the preponderance of the evidence that the plaintiff will sustain partial incapacity as a result of the injury, if any, of October 31, 1931?"

The court then defines "partial incapacity" and submits issues by which the jury are asked to determine the number of weeks of such partial incapacity, the date of its beginning, and the percentage thereof.

The appellant objected to special issues Nos. 6 and 7 as submitted by the court, because such issues as worded placed the burden of proof on the appellant to show that appellee's incapacity was partial rather than total. The jury failed to answer any of the issues submitted pertaining to partial incapacity. The appellant presents no assignment of error based on its objection to issues Nos. 6 and 7 relative to the burden of proof, doubtless because the jury failed to answer such issues.

■ No objection was made to the failure of the jury to answer the issues relative to partial incapacity at the time the verdict was received, but the insufficiency of the verdict to support the judgment was urged in the motion for a new trial and was sufficient to support the assignment complaining of this error. Article 2207, R. C. S.

In Panhandle & Santa Fé Ry. Co. et al. v. Clarendon Grain Co. et al., 215 S. W. 866, 869, this court, in an opinion by Associate Justice Boyce, says: "The appellee contends that, since the appellants did not object at the bar to the reception of the verdict, they waived objection thereto and the entry of judgment in accordance therewith. * * * In our opinion the objection in the motion for a new trial was sufficient to support an assignment complaining of this error."

■ The appellee pleaded total incapacity. Under the general denial the appellant was entitled to prove that no incapacity resulted from the injury and thereby defeat the suit. However, it could not require the affirmative submission of the negation of the issue of total incapacity. Texas Indemnity Ins. Co. v. Perdue (Tex. Civ. App.) 64 S.W.(2d) 386. This would be true, even if in addition to the general denial appellant had pleaded that appellee suffered no incapacity, since in a case submitted on special issues the court is not required to submit the same issue twice in a different form. Wichita Valley Ry. Co. v. Williams (Tex. Civ. App.) 6 S.W.(2d) 439 (writ denied); Hutton et al. v. Burkett (Tex. Civ. App.) 18 S.W.(2d) 740 (writ refused).

■■ Had appellant, in addition to the general denial, alleged that the incapacity was not total, but only partial, it would have been entitled, on a proper request, to have partial incapacity submitted as a defense. Under the general denial, evidence was admissible to prove that the incapacity suffered was partial and not total.

"The rule of practice is well established that a party is entitled, when he requests it by correct instructions, to have the facts establishing his cause of action or grounds of defense affirmatively stated by the court to the jury. Traction Co. v. Evans, 108 Tex. 356, 193 S. W. 1067; Railway Co. v. Johnson, 100

Tex. 237, 97 S. W. 1039; Railway Co. v. Kiersey, 98 Tex. 596, 86 S. W. 744; Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Railway Co. v. Casseday, 92 Tex. 525, 50 S. W. 125; Railway Co. v. McGlamory, 89 Tex. 639, 35 S. W. 1058. This is true, whether the defense arises under the general denial or a special plea. Railway Co. v. Johnson, supra." Southern Kansas Ry. Co. of Texas v. Wallace (Tex. Com. App.) 206 S. W. 505, 506.

This rule has been applied to the question of partial incapacity in a suit for compensation, Indemnity Insurance Co. of North America v. Boland (Tex. Civ. App.) 31 S.W. (2d) 518, in which the court said: "By his petition in district court appellee pleaded that he was totally disabled by reason of the injury complained of, received by him in the course of his employment, and that this total disability was permanent. Appellant answered by plea of general denial and by a special plea to the effect that appellee was not totally incapacitated, but had fully recovered from whatever injuries received by him at the time and under the circumstances detailed in his petition. Neither party specially pleaded that appellee was partially incapacitated. * * * Under the general denial appellant could offer any testimony that would deny the truth of the allegations upon which appellee based his cause of action. Having the right to offer this testimony, certainly it had the right to have an affirmative submission of the defensive issues thus raised; therefore, it was reversible error on the part of the trial court to refuse, at the request of appellant, to submit to the jury affirmatively the issue of partial disability. It is no answer to this conclusion to say that, since the jury found total incapacity, it must be presumed that it would have found against appellant on the issue of partial incapacity."

In Commercial Standard Ins. Co. v. Noack, 62 S.W.(2d) 72, 73, in an opinion approved by the Supreme Court, the Commission of Appeals holds: "In a case of this kind the burden is on the claimant to establish, by competent evidence, his right to compensation. Also it was the right of the insurance company to have the question as to whether Noack was suffering from heart trouble, and whether his injuries, if any, resulted solely therefrom, directly and affirmatively submitted to the jury, if the pleadings and the evidence raised such question. * * * The insurance company filed a general denial. This was a sufficient pleading on its part."

To the same effect is the holding in United States Fidelity & Guaranty Co. v. Baker (Tex. Civ. App.) 65 S.W.(2d) 344.

■■ Partial incapacity was presented by the pleadings, raised by the testimony, and submitted to the jury by the court. Had these been answered in favor of appellant, its liability would have been reduced. Therefore such issues were material.

In Copeland v. Brannan et al. (Tex. Civ. App.) 70 S.W.(2d) 660, 662 (writ dismissed), it is said:

"There was no finding of the jury on some of the material questions presented, and, having submitted these issues to the jury, and the jury not having found on them, the court was not authorized to supply such findings, nor to render judgment on the issues answered, but should have refused to accept same; and the jury should have been returned for further consideration, and, in case they could not agree on such material issues, a mistrial should have been declared. The court had no authority to render judgment on the verdict, absent any finding on a material issue submitted. Cranston v. Gautier (Tex. Civ. App.) 284 S. W. 620, and cases cited therein; J. R. Milam Co. v. First Nat. Bank (Tex. Civ. App.) 29 S.W.(2d) 480, 483; Early-Foster Co. v. Burnett & Co. (Tex. Civ. App.) 224 S. W. 316; Speer's Law of Special Issues, § 430, p. 559.

"Appellees contend, however, that, under the uncontroverted evidence, the court was authorized to render judgment for them non obstante veredicto, under article 2211, R. S. 1925, as amended by Acts 42d Leg. (1931) p. 77, c. 119 (Vernon's Ann. Civ. St. art. 2211). This contention cannot be sustained. The transcript contains no motion for a judgment non obstante veredicto, and the judgment itself recites that it was based on the verdict of the jury, not that it was rendered non obstante veredicto and in disregard of the jury findings. The amendment to article 2211 which authorizes such judgment expressly provides that such judgment is authorized 'upon motion and reasonable notice.' There is no showing in the record that this statute was complied with, which, under the decisions, is a necessary prerequisite to sustain it on that ground. St. Louis, B. & M. Ry. Co. v. Simmonds (Tex. Civ. App.) 50 S.W.(2d) 343; Coleman v. Rollo (Tex. Civ. App.) 50 S.W.(2d) 391; Parks v. Hines (Tex. Civ. App.) 68 S.W. (2d) 364, 370; 25 Tex. Jur., § 115, p. 502."

This assignment is sustained.

The appellant by proper assignments presents as error the action of the court in rendering judgment for appellee because there was a fatal variance between the appellee's second amended original petition and the

proof offered to sustain such allegation and the permission granted by the court to appellee to file a trial amendment after the verdict was returned, and the judgment entered was such an abuse of discretion as to constitute reversible error.

In the second original petition filed November 21, 1933, the appellee pleaded that his employer was "L. E. Whitham & Company, a corporation." The policy on which he relies for a recovery recites that it was issued to "L. E. Whitham & Company" a' "copartnership, L. E. Whitham, R. M. Whitham." The verdict was returned and the judgment entered November 25, 1933. Motion for new trial was filed November 27th. On December 14th thereafter the appellee made application for and was granted leave to file a trial amendment in which he alleges "that said employer, L. E. Whitham & Company, is not a corporation as first alleged, but at all times was a partnership composed of L. E. Whitham and R. H. Whitham."

Under the holding of the Commission of Appeals in New Amsterdam Casualty Co. v. Harrington et al., 290 S.W. 726, the allegations in appellee's second amended original petition and the proof offered thereunder constitute a variance fatal to the judgment. However, inasmuch as the judgment must be reversed, it is unnecessary for us to determine whether or not the court abused his discretion in permitting the filing of the trial amendment after the verdict was returned and the judgment entered. The question of variance raised by this assignment can be remedied on another trial by filing an amended petition.

Appellant urges as error the action of the trial court in refusing its special requested issue, which is as follows: "Is any part of the plaintiff's incapacity, if any, due wholly to the effects of some disease, diseases or infection, if any, acting apart from the plaintiff's injury, if any, of October 31, 1931?"

Commercial Standard Insurance Company v. Noack, supra, seems to have settled this contention adversely to appellant; the jury having found, at appellant's request, that appellee's incapacity was not wholly due to any disease or infection independent of his accidental injury.

Appellant presents several assignments attacking the sufficiency of the testimony to show that appellee was entitled to recover on a basis of $4.50 per day.

This was a question of fact which was determined by the jury, and we do not feel authorized in holding that the findings thereon have insufficient support in the testimony.

The definition of "total incapacity" as given by the trial court has been so repeatedly approved by the higher courts that we overrule appellant's assignments attacking such definition.

The other assignments in our opinion do not present reversible error.

The judgment is reversed, and the cause remanded.