THOMPSON, J.
 

 This suit is on two notes, one for $4,166.66 and the other for $2,500, together with 6 per cent, interest and 10 per cent, attorney fees. The notes are payable to the order of the plaintiff and were executed by .the defendant under a written agreement by which the plaintiff agreed to sell and defendant to buy two lots of ground, situated in Pine Hills-on-the-Bay subdivision in Harrison county, Miss.
 

 The two notes represent a third of the price which defendant agreed to pay for the lots, one third being paid in cash, and one third represented by notes still' outstanding.
 

 The written agreement stipulated that no deed was to be executed, no possession was to be taken by defendant, and no improvements to be made by her until the entire price was paid.
 

 The defense is that the notes were obtained through misrepresentation on the part of plaintiff’s representative and the failure of plaintiff to perform certain obligations which it agreed in the contract to perform and which obligations are stated as follows:
 

 (1) That the plaintiff failed to drill water wells and install mains as agreed.
 

 (2) That plaintiff failed to provide sidewalks and curbing to protect the property described in said contracts for deed.
 

 (3) That it failed .to install proper drainage, which is vital from the topography of the lots.
 

 (4) That it failed to construct and grade proper roads.
 

 
 *841
 
 The district judge after a trial found the defense not to he well founded and gave judgment for the plaintiff.
 

 Complaint is made that defendant was not permitted to call Harry Latter for cross-examination under the statute which authorizes a litigant to call his adversary for such examination without making him his own witness.
 

 It appears that Latter was vice president of the plaintiff corporation at the time the agreement to sell was executed, but he had ceased to be an officer of said corporation at the time the suit was filed and was not an officer at the time of the trial. The court ruled that an executive officer of a corporation can be called for cross-examination in a suit to which such corporation is a party, but that a person who had ceased to represent the corporation in any official capacity could not be called to testify as on cross-examination. We find no error in the ruling. Latter was in no sense a party to the suit. The defendant had the opportunity of calling Latter as her own witness, but she declined to do so.
 

 The defendant also complains that she was not permitted to prove by another witness that misrepresentation and fraud was practiced on her and to explain what was meant by “reasonable” time as used in the written contract.
 

 It appears that during the progress of the trial counsel for defendant disclaimed any purpose to charge fraud against the officers of the corporation, or that plaintiff was guilty of any evil or bad purpose in handling its business. The court stated that it would permit evidence of all the circumstances and of the facts surrounding the contract in order to enable the court to determine, in the light of all of the facts, of what was, or would be, a reasonable time for the performance of plaintiff’s obligations.
 

 In view of the situation as presented, we find no error in the ruling or any room for complaint on the part of defendant.
 

 The contract provides that the seller will within a reasonable time construct and grade roads and sidewalks within the subdivision as located on the recorded plat thereof and in accordance with the judgment of its engineers; that within a reasonable time to drill water wells and install water mains in the front or rear of all lots, as in the judgment of its engineers may be deemed proper.
 

 It is to be observed that there is nothing in the contract which required that the grading of roads and sidewalks and the installation of water mains should be done or even begun prior to the payment of the agreed purchase price by the defendant. All of this was by express provision of the contract left to the judgment and discretion of the engineers.
 

 The defendant agreed to purchase and to pay the price of the lots in the then condition and situation, and it must be presumed that she did so with full knowledge of the condition of the subdivision in which the lots she proposed to buy were located.
 

 "We shall not attempt to refer to the evidence in detail. It suffices to say that the evidence shows to our satisfaction that all of the terms of the contract involving the so-called obligations on the plaintiff were complied with, except the water mains, long before the filing of this suit.
 

 And as to the water mains it is shown that water wells had been drilled and water mains had been installed to all property of the subdivision where dwellings had been erected, and that no more wells are necessary to sup
 
 *843
 
 ply water to the properties in question until improvements have been erected on the property.
 

 It would require the ‘water mains to he extended 400 or 500 .feet to reach the defendant’s lots, and this can he done when necessary or needed at an expense of $1 per foot.
 

 It is clear, we think, that the defendant is not in a position to require that-this be done until she gets possession and builds on the property, which she cannot do under the terms of her contract until she pays the price.
 

 It is shown that the' plaintiff has expended quite a large sum in improving and' developing the subdivision, particularly in contracts for roads and sidewalks, for gravel and shells, for the rental of barges, transferring mater rial, and for drilling wells and furnishing water.
 

 The conditions set up by the defendant as a defense- or for the cancellation of the contract are at. most but promissory representations, the failure to. comply with which does not render the agreement null and void, unless there is an element of fraud or bad faith on the part' of the obligor or seller which admittedly is not the ease here.
 

 After a careful study of the entire record we have no difficulty in reaching the conclusion, as did th'é trial judge, that the defense urged by the defendant against the payment of her unconditional obligations cannot be sustained in either law or fact.
 

 The defendant may have made a' hard bargain, as appears from conditions which developed subsequent to her agreement of purchase.
 

 ' The scheme under which the subdivision was to be laid out, improved, and put on the market was notoriously speculative, but the promoters appear to have been honest and In good faith.
 

 The defendant, among others, took her chances in buying the lots. That she was disappointed in anticipated profits on her investment furnishes no legal cause for setting aside her agreement.
 

 The conclusion we have reached renders it unnecessary to discuss the several phases of the case as presented in oral argument and in brief of plaintiff’s counsel.
 

 The judgment is affirmed.
 

 O’NIELL, O. J., absent.