**DOLLAHITE–LEVY CO. v. PHILLIPS et al.**

No. 4668.

Court of Civil Appeals of Texas. Amarillo.

Nov. 23, 1936.

Rehearing Denied Dec. 21, 1936.

Fulbright, Crooker & Freeman, of Houston (M. C. Chiles, Lester Settegast, and C. A. Leddy, all of Houston, of counsel), for appellant.

Jones, Jones & McCollough, of Houston (Byron G. McCollough, J. H. Painter, and Pat N. Fahey, all of Houston, of counsel), for appellees.

JACKSON, Justice.

The appellees, Mrs. Ida G. Phillips and her husband, C. E. Phillips, instituted this suit in the district court of Harris county against the appellant, Dollahite-Levy Company, to recover damages for personal injuries claimed to have been sustained by Mrs. Ida G. Phillips on account of the alleged negligence of appellant.

The appellees alleged in substance that appellant was engaged in operating a department store in the city of Houston, devoting several floors of a building to such business; that on the third floor was a beauty shop operated by A. Pizzo in connection with the store, and as a part of the service and for the accommodation of its feminine patrons the appellant maintained on the third floor rest rooms for ladies, each inclosed separately and with a separate entrance; that about February 13, 1933, Ida G. Phillips was in appellant's department store as a customer and went to Pizzo's beauty shop on the third floor, received a hair cut, and thereafter entered one of the rest rooms for ladies, attempted to seat herself on the commode, but the hinges or fastenings of the wooden seat were broken and defective and the seat slipped, throwing appellee violently to the floor, and said seat came in contact with her genitalia, resulting in an incision in the left wall of the vagina and bruising the glands on the left side and center thereof.

She sets out her injuries and suffering in detail, all of which she says was due to the negligence of appellant, and the specific negligence alleged will be hereinafter stated.

The appellant answered by general demurrer, general denial, and pleaded numerous acts of contributory negligence.

The case was tried with a jury, all of the special issues submitted by the court were answered in favor of the appellee, and judgment was accordingly entered thereon for her in the sum of $15,000.

The record is voluminous, but under the findings of the jury we consider it unnecessary to make any extended statement of the pleadings or evidence.

The record discloses that appellee was thirty-five years of age, and was a teacher in one of the public schools of Houston. That she had, in 1922, undergone an operation for the removal of her gall bladder. That the following year she had an operation to remove adhesions resulting from the gall bladder operation. Later she had an operation for sinus trouble. In 1924 she suffered pyelitis, with pus on the kidneys. In 1930 she had an operation for the removal of her tonsils. In 1932 she had an operation for the removal of her uterus because of a fibroid tumor. Just prior to the accident in February, 1933, she was suffering with external hemorrhoids, and was under treatment therefor. In the summer of 1933 she submitted to an operation in which one of her ovaries and Fallopian tubes were removed, and in 1934 it was discovered that some adhesions had resulted from the ovarian operation and she underwent another operation to relieve such adhesions. Notwithstanding the numerous major operations she had undergone prior to the injury involved in this suit, she had resumed her duties in school in September of 1932, and had lost no time until February, 1933, but shortly thereafter she began to suffer pain, her weight and strength began to decline, she lost time from school, and while controverted, the testimony tends to show that some of the operations she had undergone since February 13, 1933, were caused by the injury she claims to have suffered on that date.

The appellant assails as error the action of the court in refusing to direct a verdict in its behalf because (a) the in-

sufficiency of the testimony to show appellee was a customer of appellant at the time she entered the rest room; (b) the evidence conclusively shows that she was not a customer of appellant, but of Pizzo's beauty shop, and there is no evidence disclosing that the customers of such shop were invited by appellant to use its rest room; (c) that she was not using the rest room as an invitee but as a mere licensee, and there is no evidence of willful or intentional wrong; (d) because the evidence is insufficient to show that appellant knew of the defect alleged, or that it had existed for such a time as to impute knowledge thereof; (e) because there is no allegation that appellant had knowledge of such defect. Complaint· is also made of other factual elements that appellee was required to establish by a preponderance of the testimony in order to recover.

We shall refrain from reciting the testimony in the record, but in view of the jury's findings and the law, we do not believe the testmony was so uncertain, unsatisfactory, and conflicting as to require the court to direct a verdict in behalf of appellant because of the insufficiency of the testimony.

■ "One of the special provinces of the jury is to reconcile, if they can, conflicts and contradictions between the testimony of the witnesses and 'adjust inconsistencies in the evidence of a witness in case they develop.'" J. Tom Bowers v. Aubra Bowers et al. (Tex.Civ.App.) 99 S.W.(2d) 334. See, also, Rose v. O'Keefe (Tex.Com.App.) 39 S.W.(2d) 877.

■ It is also the settled law that the court should not direct a verdict "if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff." Dendy v. Cockerham et ux. (Tex.Civ.App. ) 82 S.W.(2d) 756, 758. See, also, Texas Employers' Ins. Ass'n v. Ritchie (Tex.Civ.App.) 75 S.W.(2d) 942; Jackson v. Langford (Tex.Civ.App.)· 60 S. W.(2d) 265; Gross v. Shell Pipeline Corp. (Tex.Civ.App.) 48 S.W.(2d) 377; and Bowers v. Bowers, supra.

The appellant assails as erroneous special issue No. 3, and the explanation given in connection therewith, because the court did not limit the jury therein to a consideration of the defect—or negligence—pleaded by appellee and to which she is restricted for a recovery, but permits the jury to speculate upon the form or shape of the seat, the insufficiency of the material therein to avoid cracks, splintering, slivering, or its general condition relative to any and· all defects that might have existed.

Special issue No. 3 submitted by the court of which complaint is made is as follows:

"Do you find from a preponderance of the evidence that the toilet which plaintiff was attempting to use, if she was attempting to use one, had a defect? * * *

"In connection with this issue you are instructed that the word 'defect' is defined to mean a lack or absence of something essential to the excellence or completeness of a thing; imperfection; fault, want."

This issue was answered in the affirmative.

Appellees in their petition alleged the defect which constituted the negligence on which they relied for recovery in the following language:

"Defendant was negligent in permitting the hinges or fastenings of the wooden seat of the commode to become defective so that said wooden seat could become detached from the commode and fall to the floor."

·The other allegations relating to permitting such defect to continue, the use of the commode in such condition, failure to lock the door to the rest room, etc., are all predicated upon the particular allegation of negligence above quoted.

The record shows that shortly after the alleged injury, .the appellee went to the office of Dr. J. M. Trimble, who, while on the stand, testified as follows:

"Q. Do you recall what she told you? A. Yes, sir. * * * She told me she had gone to the rest room of Dollahite-Levy store, had sat down on the toilet and the wooden part of the toilet had slipped forward and off and threw her on to the floor. There was either a crack in this wooden seat —

"Mr. Chiles: Wait just a minute, Doctor. * * * Are you stating that to be a fact or what the patient told you?

"The Witness:· Only what she told me.

"Mr. Chiles: All right.

"Mr. Settegast: We object to that and say that it is inadmissible except to show what her statements were in order that he

could treat her and we ask that the jury be informed that they should not regard that or consider that as establishing any of the truth of these statements that she made. We think it is all right for the doctor to detail what she told him in order that he could treat her.

"The Court: Just the history of the case.

"Q. That was taken as a part of the history of the case? A. Yes, sir. In order to account for the injury. That is all that she had.

"The Court: All right, gentlemen, that is understood then. Go ahead.

"Q. All right, proceed, Doctor, with what you were saying. A. I understood from her that there was a break in this piece of wood; whether there was a sliver came out or not I don't know, and it accounted for the abrasion which she had on the external genitalia as being due to this bruising from this piece of wood. My impression is * * * that there was a break in the seat itself, and that the sharp edge cut her as she was falling."

Appellees contend that this record shows that the jury was informed it was not to consider the testimony of the doctor of the break in the wood as evidence. The remarks of the court would appear to have been directed to the attorneys, and the jurors doubtless so understood since no instruction was given restricting their consideration of the question to what the doctor called the "history of the case." However, the same witness testified later, without restriction or objection, that appellee had some character of abrasion or tear in the left wall of her vagina about an inch and a quarter long, and was asked:

"Q. It indicated to you that it had come in contact with some jagged sharp-edged instrument? A. I don't know what caused it except there was a contact with something that had a cutting edge at this abrasion.

"Q. Had a cutting edge? A. Yes."

The appellee testified that after the accident and before she went to the doctor that she could tell that she had become bruised and swollen, and "I could not see the cut, but I knew there must have been on account of the little blood."

From this testimony, the jury could have found that the wooden seat to the commode had a crack, break, or sliver or a cutting edge which constituted a defect, imperfection, fault, or want of complete-

ness that caused the injury suffered, and that appellant was negligent in permitting the wooden seat to be in such condition.

■ In Texas Utilities Co. v. West, 95 S.W.(2d) 717, 720, this court said: "It is the settled law that the court, in submitting issues of negligence, must confine such submission to the acts of negligence alleged. Gulf, C. & S. F. Ry. Co. v. Baldwin (Tex.Civ.App.) 2 S.W.(2d) 520; Texas & N. O. Ry. Co. v. Crow et al., 121 Tex. 346, 48 S.W.(2d) 1106; Conn. General Life Ins. Co. v. Banderbee (Tex. Civ.App.) 82 S.W.(2d) 764."

In Texas & N. O. Ry. Co. v. Crow et al., supra, in discussing objections to special issues submitted because the jurors were not advised as to the facts, circumstances, and surroundings they might consider in passing on an issue of negligence, the Supreme Court says: "It is to be noted that the court, in submitting these special issues, did not confine the jury to a consideration of such 'facts and circumstances surrounding the operation of said train' as are alleged in the pleadings. There are facts and circumstances in evidence which are not pleaded by either party, but which the jury might well have considered themselves authorized to take into consideration in determining these special issues. * * * The trial court erred in overruling said objection, * * * and because of this error, the judgment of the trial court, and that of the Court of Civil Appeals [300 S.W. 93] affirming same, should be reversed and the cause remanded."

In G., C. & S. F. Ry. Co. v. Baldwin, supra, it is held: "Was there error in the manner in which special issue No. 1 was submitted to the jury? It is a rule of law, uniformly followed in this state, that a plaintiff, in a suit for damages because of an injury by alleged negligent acts of a defendant, is restricted in his right of recovery to the grounds of negligence alleged in the petition, though the proof may show actionable negligence of the defendant in other respects than those alleged. St. Louis Southwestern Railway. Co. of Texas v. Johnson, 100 Tex. 237, 97 S.W. 1039; Gulf, C. & S. F. Ry. Co. v. Pryor (Tex.Civ.App.) 238 S.W. 1040; Gulf, C. & S. F. Railway Co. v. Scott (Tex.Civ.App.) 27 S.W. 827; Johnson v. G. H. & N. Ry. Co., 27 Tex.Civ.App. 616, 66 SW. 906; Dallas & O. C. Elec. Ry. Co. v. Harvey (Tex.Civ.App.) 27 S.W. 423.

It follows that the trial court, in submitting issues of negligence to a jury, must confine such submission to those acts of negligence alleged in plaintiff's petition, and it is error to submit an issue of negligence not comprehended by the pleading. It is also error, in the submission of the issue of negligence, to so frame such submission as that its terms not only comprehend such issue made by the pleading, but clearly comprehends an issue not made by the pleading. In the instant case, appellee's petition alleged negligence in certain named particulars relating to the operation of the train on which she was a passenger, and by such specific allegations excluded from her cause of action other and different independent acts of defendant connected with the operation of the train that might have been made a basis for allegations of actionable negligence. The special issue under review is expressed in such general language as that it directs the minds of the jury to the entire conduct of appellant's employees in reference to the manner in which the evidence disclosed they operated the train on this occasion, and authorized a finding of negligence in any respect the jury might have believed this manner of operation violated a duty owed to appellee."

We consider it unnecessary to cite additional authorities holding that special issues submitted should confine the jury to a consideration of the negligent acts alleged in the pleading, and not permit them to speculate on acts which are not alleged but which, if alleged and proved, might constitute a cause of action.

What we have said is sufficient, we think, to dispose of the other propositions which challenge as error the action of the court in overruling similar objections and exceptions involving similar errors.

The appellant urges as error the action of the court in permitting appellees to introduce the testimony, contained in oral depositions, of the witness, Ida Gabriel, over the objection that such answers affected vital and material issues in the case, and were in response to leading and highly suggestive questions.

We find in the record, after the above objections were made, this statement: "The court rules that the witness, Ida Gabriel, comes within the qualification of witnesses permitted by Article 3769c of Revised Civil Statutes to be called by the adverse party and of whom leading questions may be asked, in as much as she was the party in control of the particular thing and matter under investigation in this court in the trial of this case."

The article referred to provides in part that: "In the trial of any Civil suit, * * * any party plaintiff or defendant shall have the right to call as a witness in his behalf any other individual who is a party to such suit, * * * and if such other party be a corporation, then any officer or director of such corporation, or manager, superintendent, agent or party in control of the particular matters and things under investigation, * * * may be called as a witness, * * * and in examining such adverse witness leading questions may be asked by counsel for the party calling such witness but opposing counsel shall not be permitted to ask such witness leading questions or in any manner lead such witness." Vernon's Ann.Civ.St. art. 3769c.

The record shows, without controversy, that the witness, Ida Gabriel, was in charge of the rest room at the time the injury is alleged to have occurred, but it is also conceded that she was not an employee of appellant either at the time her deposition was taken nor at the time of the trial of this case. She was not, therefore, an officer, director, manager, superintendent, agent, or party in control of the particular matter under investigation at the time she testified, nor at the time of the trial.

It would, in our opinion, be a dangerous doctrine to permit the adverse party to call as a witness some officer, agent, or employee of a corporation whose connection therewith had been severed, and allow the adverse party the benefit of asking leading questions such as are permitted on the cross-examination of a witness.

Since the witness was not in the employ of appellant nor in control of the particular matter under investigation neither at the time her deposition was taken nor at the trial of the case, we think the court erred in permitting the testimony elicited by the leading questions. Pine Hills, Inc., v. Lehmann, 169 La. 838, 126 So. 209.

For the errors discussed, the judgment is reversed and the cause remanded.