## MOLLINARY v. KARAM.

### No. 4915.

Court of Civil Appeals of Texas. El Paso.

Feb. 11, 1953.

E. B. Elfers and Stanley Caufield, El Paso, for appellant.

Andress, Lipscomb & Peticolas, El Paso, for appellee.

FRASER, Justice.

This is an appeal from a decision of the 41st District Court, El Paso County. Appellee concedes the correctness of appellant's statement of the nature and result of the case, and so the same is here included:

Ted F. Karam brought this suit against L. L. Mollinary in the 41st District Court, El Paso, Texas, to recover the sum of $11,341.21, together with interest thereon at the rate of six per cent per annum from June 10, 1950, as a balance alleged to be due plaintiff for the construction by Ted F. Karam and A. P. Medina of a residence for defendant, L. L. Mollinary, on certain lots in Washington Heights Addition to the City of El Paso, Texas. The original petition in three counts appears on pages 1 to 5 of the Transcript.

Defendant answered by a general denial, specifically pleading that plaintiff had been fully paid for all work, labor, services and materials furnished in the construction of the building described in plaintiff's petition. (Tr. p. 5)

Trial was had before a jury and the cause submitted upon four special issues, which special issues as set out in the Court's charge, together with the jury's answers thereto, appear on pages 6 to 9 of the transcript. Based upon the jury's verdict, the Court rendered judgment for plaintiff and against defendant for the sum of $8576.21, together with interest from the date of judgment at 6% and costs of court (Tr. p. 9 to 11). Defendant's amended motion for a new trial (Tr. p. 13 to 15) was by the Court overruled and notice of appeal given. (Tr. p. 16) The appeal was per-

fected by a bond filed and approved on July 19, 1952 (Tr. pp. 17, 18).

■ Appellant's first point complains of the action of the trial court in excluding testimony with reference to plaintiff having heretofore taken a non-suit in the trial of this same case before the 65th District Court, El Paso County. There is no bill of exception to show what the witness would have testified to had objection to his testimony not been sustained, nor is it included in the Statement of Facts. We are therefore without authority to review this matter. 3–A Texas Jurisprudence, 534; Emmons v. Texas & P. Ry. Co., Tex. Civ.App., 149 S.W.2d 167; Johnson v. Poe, Tex.Civ.App., 210 S.W.2d 264; Gray v. Mills, Tex.Civ.App., 206 S.W.2d 278; Sims v. Duncan, Tex.Civ.App., 195 S.W.2d 156. This point is accordingly overruled.

■ Appellant's second and third points complain of the court's action in entering judgment against this defendant and in favor of plaintiff below based on the jury's answers to special issues 1 and 2. He states that the evidence does not warrant or support such answers, and that same were in conflict with the overwhelming, undisputed testimony and evidence. The case was submitted on four issues, which are herewith included for the purpose of illustration and clarity:

"Question No. 1: Do you find from a preponderance of the evidence that on or about October 10th, 1949, the plaintiff and the defendant agreed one with the other that the plaintiff would construct a house and other improvements for the defendant in accordance with the plans and specifications, and that the defendant would procure some supplies and materials at no cost to plaintiff and would procure others at reduced prices, and pay plaintiff in addition thereto the actual cost to plaintiff of such construction? Answer yes or no. We answer 'yes'.

"If you have answered 'yes' to the preceding question, then, but not otherwise, answer this additional question:

"Question No. 2: What sum do you find from a preponderance of the evidence represents the actual cost reasonably and necessarily incurred by the Plaintiff in the construction of the house and other improvements in accordance with the contract of October 10th, 1949, and the plans and specifications? Answer in dollars and cents. We answer '$17,576.21'.

"Question No. 3: Do you find from a preponderance of the evidence that on or about October 10th, 1949, plaintiff and defendant agreed one with the other that the plaintiff would construct a house and other improvements for the defendant in accordance with the plans and specifications, and that the defendant would procure some supplies and materials at no cost to plaintiff and would procure others at reduced prices, and in addition thereto would pay plaintiff the sum of $9,000.00 for such construction? Answer yes or no. We answer 'no'.

"Question No. 4: Do you find from a preponderance of the evidence that plaintiff accepted the payments from the Mortgage Investment Company in the total amount of $9,000.00 in full payment of all sums due him by defendant under and by virtue of the contract of October 10th, 1949? Answer yes or no. We answer 'no'." (Tr. pp. 7–8)

■ Careful consideration of the Statement of Facts indicates considerable evidence on the matters answered in the first two special issues. Plaintiff Karam testified to a conversation between defendant and himself in which he told defendant that the cost of the house would depend on how much free material defendant obtained and how much work would be done by sub-contractors at cost. Plaintiff further testified that he could not tell what the total cost of the house would be without knowing how much would be furnished free, and that he so advised defendant. This testimony is more or less corroborated by witness Clifford Keith, who testified to overhearing a conversation between defendant and plaintiff to that effect. Witness Van Haselen, employee of plaintiff,

testified that the books kept by him as such employee of plaintiff showed that the cost of the job was $20,396.21. Defendant testified of savings of approximately $3,132. It is evident that the jury must have considered this item when arriving at their answer to question No. 2. The figure $3,-132 subtracted from the cost of the house as testified to by witness Van Haselen is within approximately three hundred dollars of the jury's finding, the jury evidently feeling that defendant should be given credit for these savings. The figure given by the jury in answer to Question No. 2, $17,576.21, when subtracted from the cost of the job as testified to by witness Van Haselen, leaves the sum of $2,820. This is within $312 of the total savings claimed by defendant. It will be noted that issues 3 and 4 were answered unfavorably to defendant. There appear to have been no exceptions to charge of the court and the issues as submitted. We are constrained to hold, therefore, that there is sufficient evidence to warrant the jury's answers to the special issues. The jury is, of course, the final judge in case of conflicting evidence. Guerra v. Garza, Tex. Civ.App., 93 S.W.2d 537; Keller v. Miller, Tex.Civ.App., 207 S.W.2d 684; Texas Steel Co. v. Rockholt, Tex.Civ.App., 142 S.W.2d 842; Barry v. Patterson, Tex.Civ. App., 225 S.W.2d 864; Holt v. Wilson, Tex.Civ.App., 55 S.W.2d 580. Appellant's second and third points are therefore overruled.

Finding no error, the decision of the trial court is accordingly affirmed.