**PAN AMERICAN INSURANCE COMPANY,**
Appellant,

v.

**LUMBERMEN'S LLOYDS et al., Appellees.**

No. 6501.

Court of Civil Appeals of Texas.

Amarillo.

May 23, 1955.

Rehearing Denied June 20, 1955.

McWhorter, Howard, Cobb & Johnson, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, Truett Smith and Mitchell Williams, Tahoka, John Saleh, O'Donnell, Webb & McLaran, Madisonville for appellees.

MARTIN, Justice.

Two employees of Keystone-Fleming Transport, Inc., lost their lives in a butane truck collision. No issue exists as to the right of the claimants to recover workmen's compensation insurance. A case was filed as to the death claim for each of the deceased employees and recovery was permitted in the trial court against Pan American Insurance Company as to each claim. The cases have been consolidated on appeal as they pertain to the same issues. The principal issue is whether appellant, Pan American Insurance Company, is the carrier of the workmen's compensation insurance in issue or whether appellee, Lumbermen's Lloyds, is the insurer. The trial court gave a preemptory instruction in favor of appellee, Lumbermen's Lloyds, and entered judgment against appellant. Lumbermen's Lloyds will be referred to hereinafter as appellee as it is the only active participant as appellee—all other appellees adopting its brief. Pan American Insurance Company perfected an appeal and assigns four points of error.

The facts necessary to a determination of the appeal are as follows. Appellant had

been carrying the insurance of Keystone-Fleming Transport, Inc. and Keystone-Fleming, Inc. Keystone-Fleming Transport, Inc. and Keystone-Fleming, Inc., apparently decided to transfer their workmen's compensation and public liability and property damage insurance to appellee. Appellee prepared a policy as to workmen's compensation insurance and as to public liability and property damage insurance and delivered the same to the corporations through D. H. Bradford who held a brokerage contract with appellee. At the time of delivery of the policies, appellee also delivered to the corporations invoices for payment of the down payment or deposit premium and also a note for the balance due as the premium on the policy. J. C. Fleming was an officer of Keystone-Fleming Transport, Inc., which was a wholesale business, and of Keystone-Fleming, Inc., a retail butane business and transacted his butane and appliance business by the two corporations. Fleming was dissatisfied with the public liability and property damage policy because it contained a rider clause of which he had no knowledge when applying for the insurance. The rider provided that insured would have to conform to the rules and regulations of the National Liquified Petroleum Gas Association. Fleming, therefore, instructed his office manager, Bob Haynes, to deliver the policies and other material back to D. H. Bradford as agent for Lumbermen's Lloyds with notice that the policies were unsatisfactory. The policies were delivered back under this instruction prior to April 26, 1953, the date the employees of Keystone-Fleming Transport, Inc., were killed. No premium was ever paid appellee on such policies.

Appellant, Pan American Insurance Company, learning through its agent, Paul Ward, that Fleming was going to turn this insurance back to it, issued its policy of workmen's compensation No. WC6–2451 to Keystone-Fleming, Inc. and Keystone-Fleming Transport, Inc., effective from April 1, 1953 to April 1, 1954. It was paid the premium for the policies and also filed a certificate with The Railroad Commission of Texas as to the issuance of the policy.

Other claims for compensation than those here in issue were paid by appellant under these policies of insurance.

Under the above facts, appellant's points of error will be discussed in the order as filed. Rule 182, Vernon's Annotated Texas Rules of Civil Procedure, with reference to testimony of adverse parties in civil suits, provides as follows where the other party to the suit is a corporation:

"If such other party be a corporation, then any officer or director of such corporation, or manager, superintendent, *agent or party in control of the particular matters and things under investigation* by any of said courts in the trial of a case may be called as a witness with like effect as if they were individual parties to such suit or proceeding." (Emphasis added.)

Under this rule, appellant sought to examine D. H. Bradford as an agent of appellee. The trial court ruled that appellant could not examine Bradford as an adverse witness in the absence of an admission by appellant that Bradford was the "agent or party in control of the particular matters and things under investigation". Appellee's attorney agreed that appellant could use Bradford as an adverse witness if it would admit that he came within the above quoted provision of the statute. Appellant refused to make such admission. There was no error in the trial court's ruling under the statute since appellant was required to comply with the elements of the statute above quoted before it was entitled to examine such witness under the adverse witness rule. The trial court's requirement that appellant admit such issue as a condition to examining Bradford as an adverse witness placed a lighter burden upon appellant than would have been required as to its making actual proof of the issue. Appellant could not have been harmed by such ruling. Under the provision of the statute above quoted, appellant was obligated to comply with the same by proof of the elements required or by admission of the same before calling Bradford as an adverse wit-

ness. Dollahite-Levy Co. v. Phillips, Tex. Civ.App., 99 S.W.2d 688, Syl. 5; Article 21.14, Section 2, Vernon's Annotated Texas Statutes Insurance Code. Appellee correctly pointed out that appellant did not reveal, by a proper bill of exception or by the statement of facts, the materiality of the excluded testimony of D. H. Bradford in order to procure a ruling here. Mollinary v. Karam, Tex.Civ.App., 257 S.W.2d 886; Texas Lloyds v. Laird, Tex.Civ.App., 209 S.W.2d 937; Johnson v. Poe, Tex.Civ.App., 210 S.W.2d 264. Appellant's first point of error is overruled.

■ Appellant, by its second point of error, complains of the trial court's refusing to allow appellant's witness Elkins to testify as to when the policy of insurance issued by appellant was intended to take effect. The testimony sought to be introduced by appellant was with reference to transactions and conversations between Elkins as Vice-president of appellant company and Paul Ward as active manager of the recording agent of appellant. Such testimony was inadmissible to vary the terms of the written insurance policy placed in evidence which revealed that the period of coverage under the policy was from April 1, 1953 to April 1, 1954. Conversations between the Vice-president of appellant and its agents could not bind third parties as such evidence constituted no more than hearsay evidence. Massachusetts Bonding & Insurance Co. v. R. E. Parsons Electric Co., 8 Cir., 61 F.2d 264, 92 A.L.R. 218; Amarillo Nat. Life Ins. Co. v. Brown, Tex.Civ.App., 166 S.W. 658. The record also reveals that no harm could have accrued to appellant by the exclusion of this testimony. Appellant sought to prove by Elkins' testimony that its policy of insurance was to take effect upon the termination of liability on the part of appellee company rather than the date revealed by its policy of insurance. Since appellee, as revealed by the undisputed record, was never liable on the risk, appellant's policy therefore took effect on April 1, 1953 under the evidence it sought to introduce.

■ Appellant's third point asserts that the undisputed evidence reveals that appellee, Lumbermen's Lloyds, had issued its policy of insurance which had not been cancelled under the terms of the policy. The facts will not be discussed on this issue as the initial statement herein briefly covers the material facts in issue. The undisputed record reveals that Keystone-Fleming Transport, Inc. through its officer, J. C. Fleming, returned to appellee the policy of insurance issued by it and that such policy was returned to the insurer prior to any loss under the same. The policy was returned by the insured because some of the insurance policies issued at the same time and under its application agreement contained a rider to which the insured had not agreed. The insured had a right to reject the policies of insurance where one of them contained a clause to which appellee had not agreed. Appellee was not liable by reason of the issuance of the policies when they were not accepted by the insured and were returned as unsatisfactory and no premium was ever paid on the same. 44 C.J.S., Insurance, § 264, p. 1054; Vol. 12, Appleman on Insurance, Section 7151, Page 202. The policy was also cancelled as a matter of law irrespective of the provision therein as to ten days notice of cancellation. "A tender of the policy to the company with a statement that it is not the policy contracted for is sufficient to cancel it." 45 C.J.S., Insurance, § 458, p. 119; Glover v. Employers' Liability Assur. Corporation, Tex.Civ.App., 80 S.W.2d 1078, Syl. 2–3; Automobile Ins. Co. of Hartford, Conn. v. Southern Transp. Co., Tex.Civ.App., 101 S.W.2d 585.

Appellant's fourth point of error alleges "There being undisputed issues of fact, it was error for the court to instruct a verdict in this case". This issue will not be discussed other than to state that the facts in the cause are undisputed and the principal issues may be resolved as a matter of law. The undisputed record, under the principles of law briefly discussed herein, reveals that appellant was liable on its policy of insurance issued in the cause and that appellee had never effected a policy

of insurance rendering it liable for the compensation due the other appellees herein.

Appellant's points of error are overruled and the judgment of the trial court is affirmed.